**Ex parte Paul Houston CROUCH.**

**No. 2–91–310–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 15, 1992.

John T. McCully, Dallas, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall, Susan Ayres, and Peter Keim, Asst. Dist. Attys., Fort Worth, for appellee.

Before FARRIS, MEYERS and DAY, JJ.

OPINION

FARRIS, Justice.

Paul Houston Crouch was convicted by a jury of the offense of illegal investment and was sentenced to 15 years confinement and a $50,000 fine. Crouch appeals an order of the trial court denying post-trial bail by one point of error complaining that the trial court erred because the court misconstrued the meaning of article 44.04(b) of the Texas Code of Criminal Procedure and section 4.012(b) of the Texas Controlled Substances Act.[1]

Article 44.04(b) provides:

> The defendant may not be released on bail pending the appeal from any felony conviction where the punishment exceeds 15 years confinement or *where the defendant has been convicted of an offense listed under Section 4.012(b), Texas Controlled Substances Act, as amended (Article 4476–15, Vernon's Texas Civil Statutes),* but shall immediately be placed in custody and the bail discharged.

TEX.CODE CRIM.PROC.ANN. art. 44.-04(b) (Vernon Supp.1991) (emphasis added). Section 481.107 of the Texas Health & Safety Code is entitled "Repeat Offenders" and is an enhancement section providing punishment for defendants previously convicted of a felony under the subchapter. *See* TEX.HEALTH & SAFETY CODE ANN. § 481.107 (Vernon Pamph.1991).

---

1. Former TEX.REV.CIV.STAT.ANN. art. 4476–15, Act of Sept. 1, 1981, 67th Leg., R.S., ch. 268, 1981 Tex.Gen.Laws 697 (amended 1983 & 1985), *repealed by* Act of Sept. 1, 1989, 71st Leg., R.S., ch. 678, 1989 Tex.Gen.Laws 3165, *codified at* TEX.HEALTH & SAFETY CODE ANN. § 481.-107 (Vernon Pamph.1991). Because no substantive changes have occurred with the repeal and codification of this statute, we will hereafter refer to section 4.012 of the Texas Controlled Substances Act as TEX.HEALTH & SAFETY CODE ANN. § 481.107.

The subsections provide ranges of punishment for convictions of various felony offenses which are listed. *Id.* The offense of illegal investment[2] is one of the offenses listed. *See id.* at § 481.107(e).

The court denied bail based upon the fact that illegal investment is listed under a subsection of Texas Health & Safety Code § 481.107. *See* TEX.HEALTH & SAFETY CODE ANN. § 481.107(e) (Vernon Pamph. 1991). However, as Crouch points out, the court ignored the fact that the Health & Safety Code section applies to repeat offenders. Crouch argues that he must have been a repeat offender as set forth in Texas Health & Safety Code § 481.107(a) for article 44.04 of the Texas Code of Criminal Procedure to be applicable. We agree.

Although we find no case law construing the two statutes, we cannot ignore the fact that § 481.107 is captioned "Repeat Offenders" making it apparent that the legislature intended that no bail be set for repeat offenders only. We sustain Crouch's point of error and reverse and remand to the trial court for the setting of bail.

2. Act of Sept. 1, 1981, 67th Leg., R.S., ch. 268, 1981 Tex.Gen.Laws 702 (amended 1983), *repealed by* Act of Sept. 1, 1989, 71st Leg., R.S., ch. 678, 1989 Tex.Gen.Laws 3165, *codified at* TEX. HEALTH & SAFETY CODE ANN. § 481.126(b) (Vernon Pamph.1991).