**Ex Parte Paul Houston CROUCH.**

No. 184–92.

Court of Criminal Appeals of Texas, En Banc.

June 24, 1992.

Rehearing Denied Oct. 14, 1992.

John T. McCully, Dallas, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall and Susan Ayres, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty. and Jeffrey L. Van Horn, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

OVERSTREET, Judge.

A jury convicted Paul Houston Crouch of the offense of illegal investment, Tex. Health & Safety Code Ann. § 481.126, and assessed punishment at fifteen years confinement and a $50,000 fine. Following a hearing, the trial court denied appellant's motion for post-trial bail on the basis that he was convicted of an offense listed under

§ 4.012(b) of the Controlled Substances Act [now § 481.107(b)–(e)]. Appellant appealed the order denying post-trial bail by one point of error complaining that the trial court erred because the court misconstrued the meaning of Article 44.04(b) of the Texas Code of Criminal Procedure and § 4.012(b) of the Texas Controlled Substances Act.

In a published opinion, the Fort Worth Court of Appeals sustained appellant's point of error and reversed and remanded to the trial court for the setting of bail. *Ex parte Crouch*, 822 S.W.2d 352 (Tex.App.—Fort Worth 1992).

## I.

The question for review is whether Tex. Code Crim.Proc.Ann. Article 44.04(b) should be construed to require the denial of post-trial bail when a defendant has been convicted of one of the offenses listed under § 481.107(b) through (e), Tex.Health & Safety Code Ann., regardless of whether the defendant is a repeat felony offender as described in that statute.

Tex.Code Crim.Proc.Ann. Article 44.04(b) states:

### Bond Pending Appeal

The defendant may not be released on bail pending the appeal from any felony conviction where the punishment exceeds 15 years confinement or where the defendant has been convicted of an offense listed under Sections 481.107(b) through (e), Health and Safety Code, but shall immediately be placed in custody and the bail discharged.

Section 481.107 of the Health and Safety Code provides:

### Repeat Offenders

(a) If it is shown on the trial of a defendant for an offense listed under this section that the defendant has previously been convicted of a felony offense under this subchapter, on conviction the defendant shall be punished by the term of confinement and amount of fine imposed by this section.

(b) Punishment under this section, on conviction of an offense for which the punishment is otherwise imposed under Section 481.112(d)(1), 481.113(d)(1), 481.-114(d)(1), 481.115(d)(1), 481.116(d)(1), 481.-117(d)(1), 481.118(d)(1), 481.120(d)(1), or 481.121(d)(1), is confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 10 years, and a fine not to exceed $100,000.

(c) Punishment under this section, on conviction of an offense for which the punishment is otherwise imposed under Section 481.112(d)(2), 481.113(d)(2), 481.-114(d)(2), 481.115(d)(2), 481.116(d)(2), 481.-117(d)(2), 481.118(d)(2), 481.120(d)(2), or 481.121(d)(2), is confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 15 years, and a fine not to exceed $250,000.

(d) Punishment under this section, on conviction of an offense for which the punishment is otherwise imposed under Section 481.112(d)(3), 481.120(d)(3), or 481.121(d)(3), is confinement in the Texas Department of Corrections for life or for a term of not more that 99 years or less than 20 years, and a fine not to exceed $500,000.

(e) Punishment under this section, on conviction of an offense for which the punishment is otherwise imposed under Section 481.126(b), is confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 10 years, and a fine of not less than $100,000 or more than $1,000,-000.

(f) A person who is subject to prosecution under this section and Section 12.42, Penal Code, may be prosecuted under either section.

## II.

The court of appeals determined that Article 44.04(b)'s denial of bail "where the defendant has been convicted of an offense listed under Sections 481.107(b) through (e)" applies only where the defendant is punished as a repeat offender pursuant to § 481.107. These designated subsections in 481.107 all contain a laundry list of various felony drug-trafficking offenses and punishments for same, one of which is illegal investment of which appellant was convicted. The court noted in its opinion that "§ 481.107 is captioned 'Repeat Offenders' making it apparent that the legislature intended that no bail be set for repeat offenders only."

The State contends that in reading the statute the provision denies bail where the defendant "has been convicted of an offense listed under Sections 481.107(b) through (e), Health and Safety Code", period. And that likewise the intent of the provision is that "a defendant is to be denied bail if convicted of an aggravated drug offense or of illegal investment." It further argues that the Fort Worth Court of Appeals placed too much emphasis on the title of the section "repeat offenders" in arriving at its decision.

Appellant, on the other hand, contends that in order to trigger the provisions of § 481.107(b) through (e), one must satisfy the provision of paragraph (a) which requires that defendant must have been previously convicted of a felony offense under this subchapter.

## III.

Statutes should be read as a whole and construed to give meaning to every part. (Section 312.005 Government Code.) The plain language of Article 44.04(b) makes clear that the Legislature intends to deny bail to the convicted felon where punishment exceeds 15 years confinement or where the defendant has been convicted of an offense which is listed under §§ 481.-107(b) through (e), Health and Safety Code. Review of §§ 481.107(b) through (e) includes the offense of which appellant was convicted: § 481.126(b), illegal investment.

While there is much concern for the "Repeat Offender" heading of the statute, we are not convinced that the legislative intent was that the (b) through (e) provisions were to be referenced exclusively in a repeat offender definition. Furthermore, the heading of a title, subtitle, chapter, sub-

chapter, or section does not limit or expand the meaning of a statute. Section 311.024 Government Code.

In construing Article 44.04(b), we are directed to consider among other things the circumstances under which the statute was enacted, the object sought to be attained, and the consequences of a particular construction. See *State v. Oliver*, 808 S.W.2d 492, 495 (Tex.Cr.App.1991), and § 311.024 Government Code. Applying the above, the result is that persons convicted of first degree felony drug-trafficking and investment of funds from same will be denied bail upon appeal. This, the Legislature appears to have intended.[1] Had it intended as the appellant argues, it would have been simple enough to include the entirety of § 481.107 as opposed to subsections (b) through (e) only. Subsections (b) through (e) are the only sections in the statute in which offenses are listed.

1. Search of the legislative history did not directly illuminate the intent for our purposes here. It is clear from the committee hearings that the intent was generally to provide for harsher penalties for drug traffickers and to expedite the judicial process and keep drug dealers from their trade. Denial of bail is consistent with this intent. H.B. 1191, 67th Leg., 1983.

1. Emphasis here and throughout this opinion is mine unless otherwise indicated. The Texas Controlled Substances Act is sometimes referred to as the "Act."

2. Section 17 amended Article 44.04(b), C.C.P. by inserting the underscored language so as to read as follows:
   "(b) The defendant may not be released on bail pending the appeal from any felony conviction where the punishment exceeds 15 years confinement *or where the defendant has been convicted of any offense listed under Section 4.012(b), Texas Controlled Substances Act, as amended (Article 4476–15, Vernon's Texas Civil Statutes)*, but shall immediately be placed in custody and the bail discharged." Even upon original enactment of § 17 in House Bill 730, contemporaneously interested commentators were unable to agree on its application to bail on appeal. See, e.g., Rep. Bob Maloney & Dain Whitworth, *Legislative Review, 67th Regular Session*, 11 Voice for the Defense 6, at 41–42 (July 1981) ("No bail allowed for *repeat offenders* regardless of sentence."); H.D. Wendorf, *The War on Crime: 1981 Legislation*, 33 Baylor L.Rev. 765, at 784 (Fall 1981) (bail on appeal denied to convicted *aggravated substance*

## CONCLUSION

Where a statute is clear and unambiguous, it is not for the courts to add or subtract from it.

The judgment of the court of appeals is reversed and the trial court's denial of bail reinstated.

CLINTON, Judge, concurring.

In my judgment, the statutory provisions in question are far from being *"clear* and *unambiguous,"* majority opinion, at 255.[1] They derive from legislative weapons fashioned for use in "The War on Crime" by Acts 1981, 67th Leg., Ch. 268, p. 696, § 2, at 697, and § 17, at 707 (House Bill 730).[2] Also implicated is Acts 1981, 67th Leg., Ch. 276, p. 741 (House Bill 729).[3] As shown in notes 2 and 3 respectively, reasonable observers close to the legislation were unable to come to a common understanding of those putative appellants to whom bail was

*offenders* but not to illegal investment offenders).

3. That "The War on Crime" was waged with several legislative bills as weapons seemed to confuse some warriors fighting controlled substances. For example, § 8 of House Bill 730, *ante*, added § *4.051*, captioned and proscribing *"Unlawful possession of marihuana,"* as well as § 4.052, "Illegal investment." Whereas House Bill 729, § 1, also added § *4.051*, captioned and proscribing *"Delivery of controlled substance to minor."* (That duplicity was resolved, however, in Acts 1983, 68th Leg., Ch. 425, p. 2361, at 2392, § 16, by creating and moving to § *4.053* "Delivery of Controlled Substance to Minor.")

Meanwhile, § 16 of House Bill 730 rejected deferred adjudication pursuant to former § 3d for an illegal investment offender under § *4.052*, as well as for *"an offense listed in § 4.012(b);"* § 3 of House Bill 729 proscribed it for a "delivery to minor" offender under its § *4.051*. (That too was reconciled in § 25 of Acts 1983, *ante*, by precluding *both* §§ 4.052 and 4.053 offenders from deferred adjudication, along with listed § 4.012(b) offenders.

Unlike denial of bail under § 17, however, there was general agreement that § 16 of House Bill 730 denied deferred adjudication pursuant to former § 3d, Article 41.12, C.C.P., to *aggravated substance offenders*. See *Maloney & Whitworth*, supra, at 42; Knox Jones & Robin Welch, *Offenses and Penalties under the Revised Controlled Substances Act*, 11 Voice for the Defense 32, at 33 (September 1981); *Wendorf*, supra, at 784.

denied, but did agree which defendants were precluded from deferred adjudication; for his part, while critical of the legislative manner of bringing about the latter, Professor Wendorf entertained no doubt on either score.[4]

The common feature in § 16 and § 17 of House Bill 730 is the reference to "an offense listed in [under] Section 4.012(b)," both of which are retained in Article 42.12, § 5(d) and in Article 44.04(b), respectively. Until repealed in 1981, § 4.12(a), contained similar provisions precluding its application to certain offenses under the Act.[5]

From early treatment of all those related issues there thus developed a pattern of legislative intent to withhold otherwise generally available benefits from those defendants charged with or found guilty of controlled substance offenses deemed more egregious than others, i.e., illegal investment, delivery to minor and aggravated manufacture, delivery and possession with intent to manufacture or deliver. In its attack on controlled substances offenses, albeit somewhat awkwardly expressed at times, while permitting pretrial bail, see Article 17.03(b)(2), V.A.C.C.P., the Legislature evidenced a purpose and design to deprive major offenders of such redeeming alternatives as release on deferred adjudication, conditional discharge and, once con-

victed, on bailbond pending appeal. To construe Article 44.04(b), V.A.C.C.P., and § 4.012(b) of the Act accordingly is in harmony with legislative intent, purpose and design.

For those reasons, I join the judgment of the court.

McCORMICK, P.J., and CAMPBELL, J., join.

BENAVIDES, Judge, concurring.

Our case law prescribing methods of statutory construction is in conflict with itself. I subscribe to the method expressed recently in *Boykin v. State*, 818 S.W.2d 782, 785–786 (Tex.Crim.App.1991), wherein we affirmed that "we necessarily focus our attention on the literal text of the statute in question[.]" Accordingly, I no longer accept the inconsistent position, articulated recently in *Dillehey v. State*, 815 S.W.2d 623, 625 (Tex.Crim.App.1991), that "[t]he intent of the legislature must be enforced by the courts even though it may not be entirely consistent with the strict letter of the statute." *See also State v. Oliver*, 808 S.W.2d 492, 495 (Tex.Crim.App.1991). Because Government Code section 311.024 authorizes, but does not require, us to consider legislative history when construing statutes, I decline to do so in the case of

---

**4.** Concluding his analysis of House Bill 730, Professor Wendorf wrote:

"What could be called the topping sections of the punitive provisions in the trafficking act amend the Code of Criminal Procedure to deny aggravated drug offenders and illegal investment offenders the court ordered probation and deferred proceedings of Section 2d [sic], article 42.12 of the Code of Criminal Procedure.[168] Then final topping is supplied by the denial of bail on appeal to those convicted of aggravated drug offenses (but this denial is not extended to illegal investment offenders.

[168] *Id.*, § 16. This is accomplished by use of references many might attack as equivocal, and this technique will please the hearts of only the most technical of legislative draftsmen but the denials are, nevertheless, apparently intended to apply to aggravated and illegal investment offenders."

*Id.*, at 784. But, by amending § 3f(c), Article 42.12, § 25 of the 1983 Act clearly specifies those defendants to whom deferred adjudication is denied, *viz:*

"(c) The provisions of Section 3d of this Article do not apply to a defendant charged with or adjudged guilty of an offense under Section 4.052 [illegal investment] or 4.053 [delivery to minor] Texas Controlled Substances Act (Article 4476–15, Vernon's Texas Civil Statutes), or an offense listed in Section 4.012(b)."

**5.** Not previously mentioned by commentators were restrictions placed on a trial court in granting "conditional discharge" to first controlled substance offenders pursuant to former § 4.12(a) within the Texas Controlled Substance Act. See § 9 of House Bill 730 and § 2 of House Bill 729, the former excepting "an *aggravated* offense or an offense under Section 4.052 of this Act," the latter excepting only "a violation of Section 4.051 of this subchapter;" but see also § 17 of the 1983 Act, amending § 4.12(a) by combining former § 9 and § 2, *ante*, into "except an *aggravated* offense or an offense under Section 4.052 [illegal investment] or 4.053 [delivery to minor (formerly § 4.051 in House Bill 729) ]."

legislation which is unambiguous on its face. Rather, clear and unambiguous statutes should, in my judgment, be construed according to the plain import of their words, without regard to the actual intent of the Legislature. "As jurists, we are obliged to implement the expressed will of our legislature, not the will it keeps to itself." *Garcia v. State,* 829 S.W.2d 796, 799 (Tex.Crim.App.1992).

In the present context, I consider the statutory language in question to be reasonably susceptible on its face only of the reading here given it by the Court. That language clearly and unambiguously provides that persons convicted of an offense listed in section 481.107 of the Health and Safety Code shall not be released on an appeal bond. *See* Art. 44.04(b), V.A.C.C.P. Because Appellant in this case was undoubtedly convicted of just such an offense, it is plain to me that he may not be admitted to bail pending appeal. The literal text here is the law; it is the definitive evidence of legislative intent; and, the Legislature is entitled to expect that the Judiciary will follow the specific text that was adopted. *Boykin,* 818 S.W.2d at 785. Hence, I concur in the judgment, but do not think that further consideration of legislative intent is appropriate.