Brian Reece **LUDWICK, Appellant,**

v.

The **STATE of Texas, State.**

No. 2–95–411–CR.

Court of Appeals of Texas, Fort Worth.

Oct. 17, 1996.

Steven G. King, J. Rex Barnett, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Chuck Mallin, John A. Stride, Mary Galus, Assistant Criminal District Attorneys, Fort Worth, for appellee.

Before CAYCE, C.J., and DAY and LIVINGSTON, JJ.

## OPINION

DAY, Justice.

Appellant Brian Reece Ludwick appeals from his conviction for the offense of aggravated possession with the intent to deliver a controlled substance. Ludwick pleaded guilty without benefit of a plea bargain and the trial court deferred adjudication for ten years. The State filed a petition to proceed to adjudication, alleging Ludwick violated conditions of his probation. After a hearing, the trial court found the State's allegations to be true, revoked Ludwick's probation, adjudicated Ludwick guilty, and sentenced him to twenty-five years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. On appeal, Ludwick brings two points of error arguing: (1) the trial court was not authorized to place Ludwick on deferred adjudication because he was charged with an offense that, at the time, was prohibited by statute from eligibility for deferred adjudication and, as a result, the court's judgment constituted an illegal sentence; and (2) article 42.12, section 5 of the Texas deferred adjudication statute is unconstitutional. Because we agree the trial court was prohibited from placing Ludwick on deferred adjudication, we reverse and remand for acceptance of Ludwick's plea, adjudication, and sentencing as allowed by law.

*Sentence Not Authorized By Law*

Ludwick was charged with, and pleaded guilty to, the offense of aggravated possession of a controlled substance, namely amphetamine of more than 28 grams but less than 400 grams, with intent to deliver. TEX. HEALTH & SAFETY CODE ANN. § 481.113(d) (Vernon Supp.1996). At the time Ludwick

entered his guilty plea in May 1993, the deferred adjudication statute, specifically provided:

> (d) This section does not apply to a defendant charged with an offense under ... Section 481.107(b) through (e), 481.122, or 481.126, Health and Safety Code....

Act of June 15, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3501, *amended by* Act of May 5, 1991, 72nd Leg., R.S., ch. 14, § 284, 1991 Tex. Gen. Laws 42, 232.[1] This section, therefore, provided that deferred adjudication was not available for a defendant charged with the listed offenses.

Section 481.107 provided:

> (a) If it is shown on the trial of a defendant for an offense listed under this section that the defendant has previously been convicted of a felony offense under this subchapter, on conviction the defendant shall be punished by the term of confinement and amount of fine imposed by this section.

> (b) Punishment under this section, on conviction of an offense for which the punishment is otherwise imposed under Section 481.112(d)(1), 481.113(d)(1), 481.114(d)(1), 481.115(d)(1), 481.116(d)(1), 481.117(d)(1), 481.118(d)(1), 481.120(d)(1), or 481.121(d)(1), is confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 10 years, and a fine not to exceed $100,000.

> (c) Punishment under this section, on conviction of an offense for which the punishment is otherwise imposed under Section 481.112(d)(2), 481.113(d)(2), 481.114(d)(2), 481.115(d)(2), 481.116(d)(2), 481.117(d)(2), 481.118(d)(2), 481.120(d)(2), or 481.121(d)(2), is confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 15 years, and a fine not to exceed $250,000.

> (d) Punishment under this section, on conviction of an offense for which the punishment is otherwise imposed under Section 481.112(d)(3), 481.120(d)(3), or 481.121(d)(3), is confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 20 years, and a fine not to exceed $500,000.

> (e) Punishment under this section, on conviction of an offense for which the punishment is otherwise imposed under Section 481.126(b), is confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 10 years, and a fine of not less than $100,000 or more than $1,000,000.

> (f) A person who is subject to prosecution under this section and Section 12.42, Penal Code, may be prosecuted under either section.

Act of June 14, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 2933–34, *repealed by* Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 2.07, 1993 Tex. Gen. Laws 3586, 3714. The offenses listed in section 481.107(b) include offenses under section 481.113(d), which is the section Ludwick was charged with violating.

Ludwick argues, as he did to the trial court at his probation revocation hearing, that he was ineligible from the beginning for deferred adjudication and the trial court's placing him on deferred adjudication constituted an illegal sentence, making the court's judgment void. The trial court ruled that only repeat offenders, not primary offenders, were excluded from receiving deferred adjudication; therefore, the trial court refused to stay its proceedings and proceeded to adjudicate Ludwick's guilt and assess punishment.

Ludwick contends that the trial court's ruling was directly contrary to the Texas Court of Criminal Appeals's reasoning when it construed almost the exact same language in a case dealing with bond pending appeal.

---

1. In 1993, the Legislature repealed the entirety of Health and Safety Code section 481.107. *See* Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 2.07, 1993 Tex. Gen. Laws 3586, 3714. Accordingly, the specific provision in Tex.Code Crim. Proc. Ann. art 42.12, § 5(d) referring to the inap-plicability of deferred adjudication to the offenses under the Health and Safety Code was also repealed by the Legislature in 1993. *See* Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3720.

In *Ex parte Crouch*, 838 S.W.2d 252 (Tex. Crim.App.1992), the Texas Court of Criminal Appeals addressed how language from, then, article 44.04(b) regarding bond pending appeal was to be construed. The language of article 44.04(b) stated that bond pending appeal was not available for a defendant convicted of "an offense listed under Sections 481.107(b) through (e)" of the Health and Safety Code. *Id.* at 253. This language is exactly the same as in the present case, and in *Crouch*, the Court framed the issue similarly as it appears in this case: "[W]hether [article] 44.04(b) should be construed to require the denial of post-trial bail when a defendant has been convicted of one of the offenses listed under Sec. 481.107(b) through (e), TEX. HEALTH & SAFETY CODE ANN., *regardless of whether the defendant is a repeat felony offender* as described in that statute." *Id.* (emphasis added). The same issue is presented here regarding the availability of deferred adjudication for a defendant charged with an offense listed under section 481.107(b) through (e).

In *Crouch*, the appellant contended that, because section 481.107 concerned repeat offenders, the defendant must have been previously convicted of a felony offense to trigger the prohibition. *Id.* at 254. The State, however, took the position that the title of section 481.107 was of no importance and the prohibition applied to a defendant convicted of any of the listed offenses regardless of being a primary or repeat offender. *Id.* The Court of Criminal Appeals agreed with the State, saying:

> Had [the Legislature] intended as the appellant argues, it would have been simple enough to include the entirety of Sec. 481.107 as opposed to subsections (b) through (e) only. Subsections (b) through (e) are the only sections in the statute in which offenses are listed.

*Id.* at 255. The Court of Criminal Appeals held that the statute was clear and unambiguous, agreeing with the State that the language meant a defendant would be denied bond pending appeal when he has been convicted of an offense listed under section 481.107(b) through (e). *Id.*

Although the contentions of the parties in this case are reversed, we are constrained by the ruling in *Crouch* to hold that because Ludwick was charged with an offense listed under section 481.107(b) through (e), the court had no authority to place Ludwick on deferred adjudication. As such, the trial court's judgment placing Ludwick on deferred adjudication was not a legal action and constituted an order inflicting punishment not authorized by law and was, therefore, void. *Heath v. State*, 817 S.W.2d 335, 337 (Tex.Crim.App.1991). Accordingly, both the order placing Ludwick on deferred adjudication and the judgment revoking probation, adjudicating Ludwick's guilt, and sentencing Ludwick to 25 years' confinement are void. *See id.*

However, Ludwick's guilty plea was not in accordance with a plea bargain agreement as in *Heath*. *See id.* at 340 (op. on reh'g). Ludwick's plea of guilty was voluntary and not induced by the trial court's void judgment. In cases where a defendant enters a guilty plea that is not pursuant to a plea bargain agreement and the trial judge assesses an unauthorized sentence, the appropriate remedy is to allow the finding of guilt to remain and remand the case for a proper assessment of punishment. *Levy v. State*, 818 S.W.2d 801, 803 (Tex.Crim.App. 1991). Therefore, although the judgment placing Ludwick on deferred adjudication was void, Ludwick's voluntary plea of guilty remains. *See id.*

The State also contends that because the trial court has now adjudicated Ludwick guilty and assessed punishment within the allowable range, then any error has been effectively remedied. We disagree. This is certainly not a case where the trial court probated Ludwick's punishment after realizing such punishment could not legally be probated, revoked the probation and sentenced Ludwick to confinement. Even if it were, the Court of Criminal Appeals ruled in *Heath* that such judgment was, nonetheless, void. *Heath*, 817 S.W.2d at 337. Further, the trial court in this case during the revocation hearing referred to Ludwick as having been given "chance, after chance, after chance, after chance." We certainly cannot

**756**

be convinced that the court's sentence was the same as would have been given after Ludwick's original guilty plea. We hold that no action by the trial court remedied the void grant of deferred adjudication.

Because the order granting deferred adjudication and the subsequent revocation of probation, adjudication of Ludwick's guilt, and sentencing were void, the appropriate remedy is to allow the original plea of guilty to stand and remand the case for acceptance of the plea, adjudication and a proper assessment of punishment. *See id.*; *Levy*, 818 S.W.2d at 803. Therefore, we reverse the judgment of the trial court and remand for acceptance of Ludwick's guilty plea, adjudication, and assessment of punishment as allowed by law. Point of error one is sustained.

Because we have sustained Ludwick's first point of error, we need not address point of error two regarding the constitutionality of article 42.12, section 5 of the Texas Code of Criminal Procedure.

*Conclusion*

The judgment of the trial court is reversed and the cause remanded to the trial court for acceptance of the plea, adjudication, and assessment of punishment.