**306**

Ex parte Donald Wayne DOWLING.

No. 2–97–285–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 19, 1998.

Lollar & Factor, P.C., Abe Factor, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Charles Mallin, C. James Gibson, Fred Cummings, Asst. Dist. Attys., Fort Worth, for appellee.

Before RICHARDS, BRIGHAM and HOLMAN, JJ.

**OPINION**

PER CURIAM.

Donald Wayne Dowling appeals from the trial court's denial of bond pending the appeal of his conviction for possession of methamphetamine with intent to deliver. Because we determine that appellant is not entitled to be released on bond, we affirm the trial court's denial of habeas relief.

Appellant pleaded guilty on February 20, 1997, under the terms of a plea bargain agreement. The trial court then sentenced him to twelve years' confinement. On May 14, 1997, the trial court held a hearing and denied appellant's request to set an appeal bond in his case. On appeal, appellant contends that the trial court abused its discretion in denying relief.

Appellant bases his argument on article 44.04 of the code of criminal procedure, which generally provides that a defendant is entitled to be released on bond pending the determination of a motion for new trial or appeal in cases where the defendant has been convicted of a misdemeanor or a felony where the punishment assessed does not exceed 15 years. TEX.CODE CRIM. PROC. ANN. art. 44.04 (Vernon Supp.1998).

Section (b) of 44.04, however, provides the following exception:

> The defendant may not be released on bail pending the appeal ... where the defendant has been convicted of an offense listed under Sections 481.107(b) through (e), Health and Safety Code, but shall immediately be placed in custody and the bail discharged.

*Id.* art. 44.04(b).

Section 481.107 has been repealed and the offenses and punishments formerly set out in that section have been recodified and renumbered without substantive changes.[1] However, the offense that appellant was convicted of—possession of between 200 and 400 grams of methamphetamine with intent to deliver—is an offense that was listed in former section 481.107.[2] A reference in a statute to another statute or rule applies to all reenactments, revisions, or amendments, unless expressly provided otherwise. *See* TEX. GOV'T CODE ANN. § 311.027 (Vernon Supp.1998). Therefore, the prohibition in article 44.04(b) of an appellate bond applies to the offense that appellant was convicted of. *See Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex.1991) (statute that refers to another statute retains its scope when incorporated law expires or is repealed); *see also Ex parte Crouch*, 838 S.W.2d 252, 255

---

1. *See* Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2933, 2933–34, *repealed by,* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 2.07, 1993 Tex. Gen. Laws 3714 (reco-

dified at TEX. HEALTH & SAFETY CODE ANN. § 481.112(e) (Vernon Supp.1998)).

2. *See supra* note 1.

(Tex.Crim.App.1992) (purpose of prohibition against appellate bond is that persons convicted of felony drug trafficking be denied bail pending appeal).

Because appellant was convicted of an offense for which an appellate bond is not available, the trial court did not abuse its discretion in denying relief. We overrule appellant's point and affirm the trial court's order denying bail.