IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1665-02






JUSTUS LARUE TAYLOR, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY






 Johnson, J., filed a concurring opinion.


C O N CU R R I N G O P I N I O N



 This case presents the question of whether, for want of a comma, the plain meaning was lost. 
Should the ordinance (1) definition of "manager" be read as:

 Any person who supervises, directs or manages 

 any employee of an enterprise 

 or any other person who conducts any business in an enterprise with respect to any activity conducted on the premises of the enterprise, including any "on-site manager."


Or is a manager: 

 Any person who supervises, directs or manages 

 any employee of an enterprise[,]

 OR

 any other person who conducts any business in an enterprise with respect to any activity conducted on the premises of the enterprise, including any "on-site manager."


 If we apply the first reading, then the position of manager is defined exclusively by that person's
hierarchical relationship to others; a manager is one who "supervises, directs, or manages any employee
. . . or any other person . . .." Under that reading, an "on-site manager" is not a "manager," as a "manager"
is one who supervises, directs or manages "any other person . . ., including any 'on-site manager.'" 
Further, such a reading purports to gives the manager authority over any person who "conducts any
business in an enterprise with respect to any activity conducted on the premises of the enterprise." This
could include the delivery-truck driver who brings new merchandise and stocks the shelves or the vending
machine.

 If we apply the second reading, then a manager may be a person who supervises employees of the
enterprise, OR any other person who conducts business on behalf of the enterprise. Under this reading,
an "on-site manager" is a "manager." The ordinance is susceptible to two reasonable interpretations; it is
therefore ambiguous.

 Because the ordinance is ambiguous, we cannot rely on "plain meaning." We are free to examine
the legislative history and to consider whether an particular interpretation would produce "absurd results." 
Jordan v. State, 36 S.W.3d 871, 873 (Tex. Crim. App. 2001). Our goal is to give effect to the wishes
of the governmental body which promulgated the law or ordinance. Boykin v. State, 818 S.W.2d 782,
785 (Tex. Crim. App.1991). We must also prefer an interpretation which gives effect to all applicable
individual sections, if possible. "Statutes should be read as a whole and construed to give meaning to every
part." Ex parte Crouch, 838 S.W.2d 252, 254 (Tex. Crim. App. 1992). See also Tex. Gov't Code §
311.021, "In enacting a statute, it is presumed that: ... (2) the entire statute is intended to be effective[.]"

 Cities generally want to exercise reasonable control over sexually oriented businesses. Monitoring
who works in such businesses is one means of exercising such control. The City of Houston demonstrated,
by requiring managers of sexually oriented businesses to obtain a permit, that it wished to know who was
controlling the daily operations of such businesses. A permit process allows the entity that grants the permit
to weed out applicants who may be unqualified in some way. For example, governmental bodies may
require licenses for plumbers, electricians, and persons who operate daycare centers, and may examine
the backgrounds of the applicants for criminal activity and preparatory training. A city may formulate
similar means of verifying qualifications for a specific occupation, as Houston has done here.

 Because the permit requirement indicates that the City of Houston desires to know who is
controlling the daily operations of sexually oriented businesses, I would find that the second reading more
nearly fulfills that goal. Also, another part of the ordinance defines "on-site manager" as:

A person charged by the owner or operator of an enterprise with the responsibility for
direct supervision of the operation of the enterprise and with monitoring and observing all
areas of the enterprise to which customers are admitted at all times during which the
enterprise is open for business or customers are on the premises of the enterprise.


The language of this definition echoes, in different words, the second part of the ordinance in question: "any
other person who conducts any business ["direct supervision of the operation of the enterprise"] in an
enterprise with respect to any activity conducted on the premises of the enterprise . . .." It also parallels
the ordinary definition of "manager": "a person charged with the control or direction of an institution,
business, or the like." Webster's Encyclopedic Dictionary, Gramercy Books, 1989. It does not speak of
"manager" in terms of relationship to other persons, but in relationship to the business. This fits with the
second reading.

 Further, the second reading gives effect to both portions of the ordinance, the definition of manager
and the definition of "on-site manager." If we choose the first reading, then an "on-site manager" is not a
manager, that is, not a person charged with control or direction of a business. This reading renders the
definition of "on-site manager" ineffectual. Our rules of statutory construction urge us to avoid such an
interpretation.

 Because I would find that the ordinance is ambiguous but that the proper interpretation of the
ordinance dictates that the court of appeals be affirmed, I concur in the judgment of the Court. 

 Johnson, J. 


Filed: October 8, 2003

En banc

Publish
1. Houston, Tex., Code of Ordinances No. 97-75, § 28-251.