JOHNSON, J.,
filed a concurring opinion.
KELLER, P.J., concurring in which PRICE, HOLCOMB, and COCHRAN, J.J., joined.
I join the Court’s opinion. My understanding of the ordinance at issue, however, differs from that of the Court of Appeals. I’ll explain.
The ordinance’s definition of “manager” is ambiguous. The ordinance could be read to mean that a manager is one of three different kinds of employees: (1) a person who supervises, directs or manages any employee of an enterprise, (2) any other person who conducts any business in an enterprise with respect to any activity conducted on the premises of the enterprise, or (3) any on-site manager.
Or it could be read to mean that a manager is a person who supervises two different types of employees. A manager supervises, directs or manages: (1) any employee of an enterprise or (2) any other person who conducts any business in an enterprise with respect to any activity conducted on the premises of the enterprises, including any on-site manager.
Or it could be that a manager supervises two kinds of employees, and also includes an on-site manager. A manager supervises, directs or manages: (1) any employee of an enterprise or (2) any other person who conducts any business in an enterprise with respect to any activity conduct *852 ed on the premises of the enterprises; “manager” includes any on-site manager.
There is at least one other construction, but it is grammatically unsound so I will assume it is not right.
I think the third construction is correct. The first makes everyone who conducts business in an enterprise a manager. Under the ordinance’s definition of “conduct any business in an enterprise,” that would make, for instance, the door attendant, the waitress, the cashier, and the dancer all managers at the same time.
The second construction would mean that an on-site manager is not a manager, but is one type of “any other person who conducts business in an enterprise.” But the definition of “conduct any business in an enterprise” does not include “on-site manager.” So “on-site manager” must stand alone.
Unlike the Court of Appeals, I would say that a manager does not include “any person who conducts any business in an enterprise” but instead includes a person who supervises, directs, or manages any person who conducts any such business.
JOHNSON, J., concurring.
This case presents the question of whether, for want of a comma, the plain meaning was lost. Should the ordinance[1] definition of “manager” be read as:
Any person who supervises, directs or manages any employee of an enterprise or any other person who conducts any business in an enterprise with respect to any activity conducted on the premises of the enterprise, including any “on-site manager.”
Or is a manager:
Any person who supervises, directs or manages any employee of an enterprise!;,]
OR
any other person who conducts any business in an enterprise with respect to any activity conducted on the premises of the enterprise, including any “on-site manager.”
If we apply the first reading, then the position of manager is defined exclusively by that person’s hierarchical relationship to others; a manager is one who “supervises, directs, or manages any employee ... or any other person....” Under that reading, an “on-site manager” is not a “manager,” as a “manager” is one who supervises, directs or manages “any other person ..., including any ‘on-site manager.’ ” Further, such a reading purports to gives the manager authority over any person who “conducts any business in an enterprise with respect to any activity conducted on the premises of the enterprise.” This could include the delivery-truck driver who brings new merchandise and stocks the shelves or the vending machine.
If we apply the second reading, then a manager may be a person who supervises employees of the enterprise, OR any other person who conducts business on behalf of the enterprise. Under this reading, an “on-site manager” is a “manager.” The ordinance is susceptible to two reasonable interpretations; it is therefore ambiguous.
Because the ordinance is ambiguous, we cannot rely on “plain meaning.” We are free to examine the legislative history and to consider whether an particular interpretation would produce “absurd results.” Jordan v. State, 36 S.W.3d 871, 873 (Tex.Crim.App.2001). Our goal is to give effect to the wishes of the governmental body which promulgated the law or ordinance. Boykin v. State, 818 S.W.2d 782, 786 (Tex.Crim.App.1991). We must also prefer an *853 interpretation which gives effect to all applicable individual sections, if possible. “Statutes should be read as a whole and construed to give meaning to every part.” Ex parte Crouch, 838 S.W.2d 252, 254 (Tex.Crim.App.1992). See also Tex. Gov’t Code § 311.021, “In enacting a statute, it is presumed that: ... (2) the entire statute is intended to be effective!.]”
Cities generally want to exercise reasonable control over sexually oriented businesses. Monitoring who works in such businesses is one means of exercising such control. The City of Houston demonstrated, by requiring managers of sexually oriented businesses to obtain a permit, that it wished to know who was controlling the daily operations of such businesses. A permit process allows the entity that grants the permit to weed out applicants who may be unqualified in some way. For example, governmental bodies may require licenses for plumbers, electricians, and persons who operate daycare centers, and may examine the backgrounds of the applicants for criminal activity and preparatory training. A city may formulate similar means of verifying qualifications for a specific occupation, as Houston has done here.
Because the permit requirement indicates that the City of Houston desires to know who is controlling the daily operations of sexually oriented businesses, I would find that the second reading more nearly fulfills that goal. Also, another part of the ordinance defines “on-site manager” as:
A person charged by the owner or operator of an enterprise with the responsibility for direct supervision of the operation of the enterprise and with monitoring and observing all areas of the enterprise to which customers are admitted at all times during which the enterprise is open for business or customers are on the premises of the enterprise.
The language of this definition echoes, in different words, the second part of the ordinance in question: “any other person who conducts any business [“direct supervision of the operation of the enterprise”] in an enterprise with respect to any activity conducted on the premises of the enter-prise_” It also parallels the ordinary definition of “manager”: “a person charged with the control or direction of an institution, business, or the like.” Webster’s Encyclopedic Dictionary, Gramercy Books, 1989. It does not speak of “manager” in terms of relationship to other persons, but in relationship to the business. This fits with the second reading.
Further, the second reading gives effect to both portions of the ordinance, the definition of manager and the definition of “on-site manager.” If we choose the first reading, then an “on-site manager” is not a manager, that is, not a person charged with control or direction of a business. This reading renders the definition of “on-site manager” ineffectual. Our rules of statutory construction urge us to avoid such an interpretation.
Because I would find that the ordinance is ambiguous but that the proper interpretation of the ordinance dictates that the court of appeals be affirmed, I concur in the judgment of the Court.

. Houston, Tex., Code of Ordinances No. 97-75, § 28-251.