Affirmed and Memorandum Opinion filed May 30, 2006









Affirmed
and Memorandum Opinion filed May 30, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00562-CR

NO.
14-05-00563-CR

NO.
14-05-00564-CR

____________

 

JOHN EDWARD
GONZALES,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause Nos. 959,620,
959,621 & 959,622

 



 

M E M O R A N D U M    O P I N I O N








Appellant entered pleas of guilty without
an agreed recommendation to three separate counts of possession with intent to
deliver controlled substances.  After a
pre-sentence investigation and a punishment hearing, the trial court sentenced
appellant to sixty, twenty, and ten years= confinement,
respectively.  In four issues, appellant
contends (1) the trial court erred in failing to appoint counsel for the
purpose of preparing, filing, and presenting a motion for new trial, and in
refusing to hold a hearing on the motion, and (2) he was denied effective
assistance of counsel because his retained counsel abandoned him at a critical
stage of trial, and committed errors that rendered his plea of guilty
involuntary.  We affirm.

I.  Factual and Procedural Background

Appellant was indicted for possession with
intent to deliver almost 12,000 doses of 3, 4-methylenedioxy methamphetamine,
commonly known as ecstasy.  He was also
indicted for possession of cocaine and methamphetamine.  He entered pleas of guilty in each of the
cases and requested a pre-sentence investigation.  Appellant was represented by retained counsel
during the plea process and at the punishment hearing.  Following sentencing, appellant filed a pro
se motion to withdraw his plea of guilty and also filed a pro se notice of
appeal.  In appellant=s motion to
withdraw his guilty plea, appellant claimed his trial counsel was ineffective
because his counsel allegedly provided him with incorrect information in an
effort to persuade him to plead guilty. 
In his notice of appeal, appellant stated he was indigent and requested
appointment of appellate counsel.

No action was taken on the appeal until
over one year later.  At that time, this
court ordered the trial court to conduct a hearing to determine whether
appellant desired to pursue his appeal and whether he was indigent.  The trial court held a hearing and found
appellant was not indigent, had retained an attorney, and intended to pursue
his appeal.

II.  Analysis

A.      Did the Trial Court Err in Failing to
Appoint Counsel at a Critical Stage of the Judicial Proceedings?








In his first issue, appellant contends the
trial court erred in failing to appoint counsel at a critical stage of the
judicial proceedings.  In his third
issue, appellant contends he was denied his right to effective assistance of
counsel because retained counsel abandoned him in the post-judgment stage.  Specifically, appellant claims he was denied
counsel during the critical thirty-day period of time to file a motion for new
trial.  Appellant=s retained counsel
represented him through his guilty plea and at the punishment hearing.  After judgment, appellant filed a pro se
notice of appeal stating he was indigent and requesting that counsel be
appointed on appeal.  Appellant also
filed a motion to withdraw his guilty plea, which is treated as a motion for
new trial if filed after judgment and sentence. 
See State
v. Evans, 843 S.W.2d
576, 577 (Tex. Crim. App. 1992).  The
trial court subsequently held a hearing at which it determined appellant was
not indigent and had retained an appellate attorney.  

In order to
prevail on a claim of deprivation of counsel during the time to file a motion
for new trial, appellant must affirmatively prove that he was not represented
by counsel during a critical stage of the proceeding. See Oldham v. State,
977 S.W.2d 354, 363 (Tex. Crim. App. 1998). There is a rebuttable presumption
that the appellant was represented by counsel and that counsel acted
effectively. See id.  Here, the
record does not reflect trial counsel withdrew during the thirty-day period
following judgment, or attempted to withdraw until appellant retained appellate
counsel.  We presume, therefore, that
trial counsel adequately informed appellant of his appellate rights and
effectively represented him during the time for filing a motion for new trial
and a notice of appeal.  Id.

Appellant contends
that by filing a pro se notice of appeal requesting appointment of counsel, he
has rebutted the presumption that he was represented at a critical stage of the
proceedings.  However, these acts are
insufficient to rebut the presumption of effective representation. See id.  To the contrary, the fact that appellant
filed a pro se notice of appeal and a pro se motion to withdraw his guilty plea
is some evidence that appellant was informed of his appellate rights.  See id. 








Appellant further
contends he has rebutted the presumption that he was represented by counsel by
filing a motion to withdraw his plea alleging ineffective assistance of
counsel.  See Prudhomme v. State,
28 S.W.3d 114, 120 (Tex. App.CTexarkana 2000, no
pet.) (allegation in motion for new trial of ineffective assistance creates
conflict of interest that effectively deprives appellant of counsel).  Although appellant asserted in his motion
that the ineffectiveness of his trial counsel rendered his guilty plea involuntary,
this does not rebut the presumption that his trial counsel was still
representing him and informing him of his appellate rights.  See Cantu v. State, 988 S.W.2d 481,
483 (Tex. App.CHouston [1st Dist.] 1999, pet. ref=d) (although
appellant indicated he would raise the issue of ineffective assistance of
counsel on appeal, there was no evidence that counsel withdrew from
representation).  Because there is no
evidence in the record to show that trial counsel abandoned appellant
post-judgment, we overrule appellant=s first and third
issues.

B.      Did
the Trial Court Abuse its Discretion in Refusing to Hold a Hearing on Appellant=s Motion for New Trial?

In his second
issue, appellant contends the trial court abused its discretion in refusing to
hold a hearing on his motion for new trial. 
However, appellant waived any right to a hearing by failing to timely
present the motion to the trial court.  See Tex.
R. App. P. 21.6 (requiring presentment within ten days of filing); see
also Landers v. State, 110 S.W.3d 617, 626 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d). 
To prove presentment, the record must establish that the motion was
delivered to the trial court or otherwise brought to the trial court=s attention.  See Carranza v. State, 960 S.W.2d 76,
79 (Tex. Crim. App. 1998) (en banc).

The record is
devoid of any showing that appellant actually presented the motion for new
trial to the trial court.  There is no
ruling on the motion, no signature or notation on the motion or any proposed
order, and no hearing date noted on the docket sheet or on any other form.  See id. at 79B80 (providing
nonexclusive list of methods of proof). 
A trial court cannot abuse its discretion by denying a motion for new
trial without a hearing when the motion was not timely presented.  Birdwell v. State, 996 S.W.2d 381, 384
(Tex. App.CHouston [14th Dist.] 1999, pet. ref=d).  Appellant=s second issue is
overruled.

C.      Was Appellant Denied Effective Assistance
of Counsel?

In his fourth
issue, appellant contends he received ineffective assistance of counsel at his
punishment hearing.  Appellant complains
his trial counsel failed to (1) discover that a prior judgment of deferred
adjudication was void, (2) argue that appellant should be placed on probation,
and (3) object to the relevance of a punishment witness=s testimony.  








To prevail on a
claim of ineffective assistance of counsel, an appellant must show:  (1) his attorney=s performance fell
below an objective standard of reasonableness, and (2) there is a
reasonable probability the result of the trial would have been different but
for counsel=s deficient performance.  Strickland v. Washington, 466 U.S.
668, 693B94 (1984); Mallett
v. State, 65 S.W.3d 59, 62B63 (Tex. Crim.
App. 2001).  A reasonable probability is
one sufficient to undermine confidence in the outcome of the proceedings.  Hernandez v. State, 988 S.W.2d 770,
772 (Tex. Crim. App. 1999).  In our
review, we indulge a strong presumption that counsel=s actions were
motivated by sound trial strategy, and in the absence of evidence of counsel=s reasons for the
challenged conduct, we will not conclude the action was deficient unless it was
so outrageous that no competent attorney would have engaged in such
conduct.  Garcia v. State, 57
S.W.3d 436, 440 (Tex. Crim. App. 2001). 

Appellant first
argues trial counsel was ineffective for failing to discover that a prior
judgment of deferred adjudication was void. 
On December 21, 1993, appellant received a judgment of deferred
adjudication when he pleaded guilty to delivery of lysergic acid diethylamide
(LSD), weighing more than twenty-eight, but less than 400 grams.  Appellant contends that because deferred adjudication
was unavailable for that crime in 1993, the judgment is void.  Therefore, his counsel should have objected
to the trial court=s consideration of the prior judgment at
the punishment hearing.  In support of
that argument, appellant relies on Ludwick v. State, 931 S.W.2d 752,
754  (Tex. App.CFort Worth  1996, no pet.). Ludwick merely points
out that offenses under certain statutes were not punishable by deferred
adjudication prior to September 1, 1993. 
Appellant=s prior offense was committed after
September 1, 1993, and was not governed by the statutes at issue in Ludwick.  Because there is no support for appellant=s contention that
the 1993 judgment was void, trial counsel did not render ineffective assistance
by failing to object to the use of the prior judgment in sentencing.








Appellant next
complains trial counsel failed to request deferred adjudication for the current
offense.  Appellant also claims his
counsel rendered ineffective assistance when he failed to object to the
testimony of Steven Januhowski because his name did not appear on the State=s witness list and
he had not been personally involved in the investigation.  Januhowski, an investigator with the Harris
County District Attorney=s office, testified to the street value of
the controlled substance appellant possessed. 
Januhowski also testified that the amount of the controlled substance
indicated appellant was a significant dealer of controlled substances. 

No evidence in the
record demonstrates counsel=s trial strategy
in choosing not to request deferred adjudication, or to object to Januhowski=s testimony.  Accordingly, on the record before us,
appellant has not rebutted the presumption that these decisions were reasonable
and his counsel was effective.  See
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  Appellant=s fourth issue is
overruled.

The judgment of
the trial court is affirmed.

 

 

 

/s/      Eva
M. Guzman

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed May 30, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).