**The STATE of Texas, Appellant,**

**v.**

**Bernard Vince EVANS, Appellee.**

**No. 1306–91.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 16, 1992.

K. Ming Roschke, College Station, for appellant.

Bill Turner, Dist. Atty., and Margaret Lalk, Asst. Dist. Atty., Bryan, Robert Huttash, State's Atty., Austin, for State.

---

**6.** We express no opinion as to any other bar appellant may argue on remand.

OPINION ON APPELLEE'S PETITION
FOR DISCRETIONARY REVIEW

BENAVIDES, Judge.

Bernard Vince Evans was indicted for the offense of aggravated assault on a police officer. See Tex.Penal Code Ann. § 22.02 (Vernon Supp.1991). Evans entered into a plea agreement with the State and pled nolo contendere to the felony charge. After approving the agreement, the trial court recorded the judgment of guilt and sentence of eight years in prison on the docket sheet of the cause and initialed the notation.[1]

Five days later, Evans reconsidered his plea and filed a "Motion to Withdraw Plea of Nolo Contendere." The court held a hearing, granted the motion, vacated the sentence, and set the cause for a jury trial. The State did not oppose the motion until the following day when the State filed a "Motion to Reconsider Granting Defendant's Motion to Withdraw Plea of Nolo Contendere." The trial court held another hearing and rejected the State's motion.

The State appealed the trial court's order to the Waco Court of Appeals. The court of appeals dissolved the trial court's order setting aside the judgment and sentence, reinstated the original judgment and sentence of eight years confinement, and remanded the cause to the trial court for execution of sentence. *State v. Evans,* 817 S.W.2d 807 (Tex.App.—Waco 1991).

We granted Evans' petition for discretionary review to consider two questions. First, whether the State has the right to appeal a trial court order allowing a defendant to withdraw his plea. Second, whether a trial court has the discretion to permit a defendant to withdraw a plea of no contest after sentence has been pronounced. We will reverse the holding of the court of appeals.

■ In his first ground of error, Evans contends that the court of appeals erroneously allowed the State to appeal. This case requires us to determine whether the

trial court order granted a new trial from which article 44.01(a)(3) of the Code of Criminal Procedure allows the State to appeal. The State argues that we should look to the effect of the trial court order rather than the title of the motion supplied by the defendant. We agree.

The State is entitled to appeal in a criminal case, as authorized by law. Tex.Const. art. V, § 26. Article 44.01 of the Code of Criminal Procedure permits a state appeal if a trial court order:

(1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint;

(2) arrests or modifies a judgment;

(3) grants a new trial;

(4) sustains a claim of former jeopardy; or

(5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.

Tex.Crim.Proc.Code Ann. art. 44.01(a) (Vernon 1990).

A new trial, contemplated by subsection (a)(3), is "the rehearing of a criminal action after a finding or verdict of guilt has been set aside upon motion of an accused." Tex. R.App.P. 30. The trial court's order granting the motion to withdraw had the precise effect of granting a new trial. Since the trial court order returned the case to the posture it had been in before the plea was accepted, the trial court order granted a new trial, irrespective of the label or terms used in the motion or order. While designated as a motion to reconsider a plea, appellant's motion should more aptly have been called a motion for new trial. *See State v. Kanapa,* 778 S.W.2d 592, 593 (Tex. App.—Houston [1st Dist.] 1989, no writ)

---

1. The State appeals from the trial court's order granting the post-sentence motion to withdraw a plea, not the original judgment. Any defects in

the judgment are therefore not addressed in this opinion.

(per curiam) (holding title of motion not controlling).

The Corpus Christi Court of Appeals considered a similar issue in *Garza v. State,* 774 S.W.2d 724 (Tex.App.—Corpus Christi, 1989 no pet.). In *Garza,* the trial court granted an oral motion for mistrial after it was discovered that a "struck" venire member served on the jury. The court of appeals reasoned that even though article 44.01 fails to expressly provide for a State appeal from the granting of a defendant's motion for mistrial, "a post-verdict ruling which returns the case to the posture in which it had been before trial is functionally indistinguishable from an order granting a new trial." *Id.* at 726. As a result, the State in *Garza* was entitled to appeal the granting of the motion.

We hold that the trial court order was functionally indistinguishable from an order granting a new trial, and the State had the right to appeal the judgment. *See* Tex. Crim.Proc.Code Ann. art. 44.01(a)(3) (Vernon 1990). To do otherwise could deny the State any right of appeal. A defendant could prevent a State its right to appeal merely by styling his request for relief as something other than the grounds enumerated in article 44.01. Evans' first ground of error is overruled.

■ In his second ground of error, Evans contends that the court of appeals erroneously limited the trial court's discretion to entertain a post-sentence motion to withdraw a plea. Essentially, the court of appeals held that once sentence has been pronounced, the trial court becomes powerless to change the judgment in any substantial respect unless the defendant could raise grounds entitling him to a new trial or arrest of judgment. Additionally, the court of appeals determined that Rule 30 of the Texas Rules of Appellate Procedure did not permit a new trial on the grounds Evans raised in his motion.

Once sentence has been imposed, a defendant may return to his pre-sentence status in one of only three ways:

1) a motion for new trial under Rule 30;
2) a motion to arrest the judgment under Rule 33; and
3) appeal.

A trial court has the discretion to entertain a motion for new trial, a motion to arrest judgment, or a notice of appeal for thirty days following the imposition of sentence. Tex.R.App.P. 30, 33 and 40(b)(1).[2] We have already determined in the first ground of error that Evans mislabeled his motion and that this was in effect a motion for new trial. Since the motion for new trial was filed five days after imposition of sentence, it was well within the durational limit of the trial court discretion to entertain the motion. *See* Tex.R.App.P. 30. Consequently, we must determine whether the trial court had the discretion to grant Evans' motion for new trial.

Rule 30(b) of the Texas Rules of Appellate Procedure provides

"A new trial *shall* be granted an accused for the following reasons: [including 9 grounds]."

Tex.R.App.P. 30(b) (emphasis added). It is true that with regard to those nine situations, the trial court must grant a new trial. However, we believe the court of appeals erroneously considered this list exhaustive. Rule 30(b) is unlike its predecessor in that the listing is illustrative, not exhaustive. The former article 40.03 of the Code of Criminal Procedure provided:

"New trials, in cases of felony, shall be granted the defendant, *and for no other:* [including 9 grounds]."

Acts 1973, 63rd Leg., p. 1127, ch. 426, art. 3, § 5, eff. June 14, 1973 (emphasis added). The phrase "and for no other" was deleted in the present rule. The deletion of the restrictive provision clearly suggests the intent to change the exhaustive character of the list under the former provision and thus to allow a trial court the discretion to

---

2. When a motion for new trial, or a motion to arrest judgment is timely filed, a trial court's discretion extends seventy-five days from the imposition of sentence. Tex.R.App.P. 31(e)(1) and 34(b). If a trial court fails to rule upon the motion within this time period, it will be overruled by operation of law. Tex.R.App.P. 31(e)(1) and 34(c).

consider additional grounds for granting a new trial.

During the plea hearing, the trial court recognized Evans' reluctance to accept the plea arrangement and invited Evans to file a motion for new trial if he reconsidered his nolo contendere plea. The trial court stated:

"Then I now sentence you to eight years confinement in the Institutional Division of the Texas Department of Criminal Justice and you will be remanded to the custody of the Sheriff to be transported there to serve your sentence and you will have thirty days from today's date in which to give notice of appeal or to file a motion for new trial. In order to be legally effective either one of those actions have got to be in writing. *I'm telling you this because if you change your mind and decide that you really want a trial and you don't want to go to prison, but want to stand up in Court and take your chances, you get in touch with Ms. Roschke [defense attorney] and she'll know to file all the right papers.*" (emphasis ours)

Five days later, Evans reconsidered and sought to change his plea from nolo contendere to not guilty.

The drafters of Rule 30(b) of the Texas Rules of Appellate Procedure intended for a trial court to have the discretion to consider matters not enumerated in the statute. We do not believe that the facts of the present case demonstrate an abuse of judicial discretion.

Accordingly, the judgment of the court of appeals is affirmed as to ground of error one and reversed as to ground of error two. The cause is remanded to the trial court.