TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00060-CR






Billy Ray Spence, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0964580, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING








 Appellant Billy Ray Spence pled guilty and was convicted of the offense of attempted
aggravated sexual assault of a child. See Tex. Penal Code Ann. §§ 15.01, 22.021 (West 1994 & Supp.
1998). The trial court, pursuant to a plea-bargain agreement, assessed appellant's punishment, enhanced
by a prior felony conviction, at imprisonment for 20 years. 

 Appellant's three points of error are based on three questions that the trial court granted
appellant permission to appeal. These questions are "(1) whether his plea was involuntary or coerced; (2)
whether the court accepted the plea bargain between defendant and the State; and, (3) whether the State
remained bound by the agreement irrespective of whether the agreement had been accepted by the court." 
We will overrule appellant's points of error and affirm the trial court's judgment.

 Appellant entered a plea of guilty on August 19, 1996. However, appellant in his brief
states "[b]ecause none of the issues in this appeal pertain to the August 19th proceedings, appellant does
not believe that the transcription of that testimony is necessary to the resolution of this case."

 On September 30, 1996, appellant appeared for a sentencing hearing in the 167th District
Court before the Honorable Mike Lynch. Appellant acknowledged to the court he was the defendant and
he had entered a guilty plea to the offense of attempted aggravated sexual assault of a child on August 19,
1996. The trial judge observed that the "first thing that jump[ed] out" in reviewing the presentence report
was that appellant had been convicted of a prior sexual assault offense. The court expressed curiosity
concerning the State's recommendation of punishment. The prosecutor made an explanation to the court
concerning the punishment recommended. The trial court then said:


THE COURT: All right. Mr. Spence, I'm going to accept your plea of guilty and accept
the plea-bargain agreement somewhat reluctantly, but I understand what the parties had
to say here about it. But you're initially going to be sentenced to a 10-year sentence in the
penitentiary, and then for the Court to review that situation in 180 days with an eye toward
bringing you back here--well, I don't know if he can do the shock probation. He's been
to TDC. Off the record.


(Discussion off the record.)


THE COURT: Back on the record. We are going to recess this case at this point. And
at this time, based on my review of the law and the file, I retract--since we have not gone
forward, the Court does not yet accept the plea, given this turn of events. I'm going to
leave the status as it was before we started today.


MR. DUGGAN: This Thursday, Your Honor, October 3rd, or next Thursday, the 10th?

THE COURT: The 10th at 9:00.


MR. DUGGAN: Okay.


MR. BEESON: Thank you, your Honor. 


(Whereupon court was in recess.)



 On October 10, 1996, appellant appeared for a sentencing hearing. Appellant in his brief
"respectfully suggests that no such proceedings occurred." However, the statement of facts of that
proceeding properly certified by the court reporter was filed in this Court and is a part of the appellate
record in this case. The statement of facts of the proceeding that appellant claims never occurred follows:


CAUSE NO. 0955619



THE STATE OF TEXAS
*
 IN THE 167TH JUDICIAL


VS.
*
 DISTRICT COURT OF


BILLY RAY SPENCE
*
 TRAVIS COUNTY, TEXAS

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

BEFORE THE HONORABLE CHARLES HEARN,


JUDGE PRESIDING


* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

HEARING ON SENTENCING


* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * 

APPEARANCES:


 DOUGLAS W. BEESON

 Attorney at Law

 6850 Austin Center Boulevard, Suite 200

 Austin, Texas 78731


 FOR THE DEFENDANT


* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

 BE IT REMEMBERED that on the 10th day of October, 1996, the above-entitled
and numbered cause came on for trial in the 167th Judicial District Court of Travis
County, Texas, before the Honorable Charles Hearn, Judge of said Court, whereupon the
following proceedings were had, to-wit:



PROCEEDINGS


OCTOBER 10, 1996


9:00 a.m.



 THE COURT: Are you Mr. Spence?


 THE WITNESS: Yes.


 THE COURT: It's my understanding that you and your lawyer have talked to the
District Attorney's office and everybody is in agreement that you were wanting to
withdraw your plea of guilty and enter a plea of not guilty to this charge; is that correct?


 THE WITNESS: Yes, sir.


 THE COURT: And it's further my understanding that you and your attorney have
talked about this and that you now want to go to trial on the case; is that right, sir?


 THE WITNESS: Yes.


 THE COURT: All right. We'll reset the case until October 24th for a jury trial.



 In a bench-tried case, a defendant may withdraw a plea of guilty as a matter of right, and
without assigning a reason, until judgment has been pronounced or until the case has been taken under
advisement by the court. See Jackson v. State, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); Durst
v. State, 900 S.W.2d 134, 137-38 (Tex. App.--Beaumont 1995, pet. ref'd). The withdrawal of a guilty
plea is the functional equivalent of granting a new trial. State v. Evans, 843 S.W.2d 576, 577 (Tex. Crim.
App. 1992); Durst, 900 S.W.2d at 138-139. Granting a motion for new trial restores the case to its
position before the former trial. Tex. R. App. P. 21.9.

 This record shows that appellant withdrew his earlier guilty plea and acknowledged to the
trial court that he had conferred with his attorney and wanted to go to trial on his case. The case was reset
for a jury trial. The record refutes appellant's contention on appeal that he "never voluntarily withdrew his
plea of guilty, and never authorized his trial attorney to withdraw from his agreement with the State." When
appellant withdrew his guilty plea and was granted a jury trial he could no longer rely on the plea-bargain
agreement made prior to the time he voluntarily withdrew his guilty plea. The State was no longer bound
by any prior agreement. Appellant's points of error two and three in which he argues that the State was
bound by its agreement made prior to October 10th and that the trial court had irrevocably accepted the
plea-bargain agreement are totally without merit. Appellant's withdrawal of his guilty plea abrogated the
plea-bargain agreement that was contingent upon the guilty plea. Appellant's second and third points of
error are overruled.

 In his first point of error, appellant contends that his later guilty plea entered on October
28, 1996, was involuntary and coerced. Appellant's contention is made in reliance on the proceedings
prior to October 10th. Because appellant voluntarily withdrew his guilty plea and requested trial on a not
guilty plea, his argument is without merit.

 On October 28, 1996, appellant again changed his plea from not guilty to guilty and entered
into a new plea-bargain agreement with the State to accept punishment of imprisonment for 20 years. 
Judge Lynch, before accepting this plea-bargain agreement, with great care admonished appellant and
advised him of all of his rights. See Tex. Code Crim. Proc. art. 26.13 (West 1989 & Supp. 1998). 
Appellant assured the court that he understood his rights, the charge against him, and that he was voluntarily
entering into the plea-bargain agreement and pleading guilty to the charge against him. Appellant's first
point of error is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Carroll, Justices Kidd and Dally*; Chief Justice Carroll not participating

Affirmed

Filed: February 12, 1998

Do Not Publish






* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



OURT: And it's further my understanding that you and your attorney have
talked about this and that you now want to go to trial on the case; is that right, sir?


 THE WITNESS: Yes.


 THE COURT: All right. We'll reset the case until October 24th for a jury trial.



 In a bench-tried case, a defendant may withdraw a plea of guilty as a matter of right, and
without assigning a reason, until judgment has been pronounced or until the case has been taken under
advisement by the court. See Jackson