TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00261-CR






The State of Texas, Appellant


v.


Abdelilah Bounhiza, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT

NO. D-1-DC-06-301558, HONORABLE MELISSA YOUNG GOODWIN, JUDGE PRESIDING





O P I N I O N


 This is an appeal from a trial court order granting appellee Abdelilah Bounhiza's
motion for mistrial based on ineffective assistance of counsel. The trial court granted the motion
after the jury found Bounhiza guilty of sexual assault, see Tex. Penal Code Ann. § 22.011(a)(1)(A)
(West Supp. 2008), and before convening a punishment hearing. On appeal, the State contends that
the trial court erred in granting a mistrial because: (1) Bounhiza did not present evidence
establishing that his counsel provided ineffective assistance, and (2) even if Bounhiza's counsel
provided ineffective assistance, the trial court should have chosen to impanel a new jury for a
punishment hearing rather than grant a mistrial. Because we conclude that the trial court did not
abuse its discretion in granting Bounhiza's motion for mistrial based on ineffective assistance of
counsel, we affirm the trial court's order. 


BACKGROUND

 Bounhiza was indicted for the sexual assault of his neighbor. His trial began in
February 2008. Just prior to the start of trial, he filed an application for probation based on the fact
that he had never been convicted of a felony in Texas or any other state. At the same time, he also
informed the trial court that he wanted a jury to decide his guilt or innocence but wanted the court
to assess his punishment if the jury found him guilty. The case was tried to a jury, and the jury found
Bounhiza guilty. 

 After the trial court released the jury and before the court convened a punishment
hearing, the parties realized that the trial court was statutorily prohibited from considering probation
as a sentence. (1) See Tex. Code Crim. Proc. Ann. art. 42.12 § 3g(a)(1)(H) (West Supp. 2008). The
trial court called a hearing to discuss the issue, and defense counsel explained that he made a mistake
based on a misunderstanding of the law and incorrectly advised Bounhiza to choose the court rather
than the jury for punishment. Defense counsel further stated that Bounhiza would testify as to the
following matters: that he relied upon his attorney's incorrect advice in choosing the court for
punishment, that he was eligible for probation, and that he "was seeking probation." Bounhiza did
not so testify. After hearing arguments from both parties, the trial court granted Bounhiza's motion
for mistrial based on ineffective assistance of counsel. This appeal followed. 


JURISDICTION

 The State is entitled to appeal in a criminal case as authorized by law. Tex. Const.
art. V, § 26. Article 44.01 of the Texas Code of Criminal Procedure permits the State to appeal a
trial court's order in a criminal case under limited circumstances, including when the order grants
a new trial. (2) See Tex. Code Crim. Proc. Ann. art. 44.01(a) (West Supp. 2008). The Texas Court of
Criminal Appeals has held that the State may also appeal when the trial court order is the functional
equivalent of an order granting a motion for new trial. See State v. Savage, 933 S.W.2d 497, 499
(Tex. Crim. App. 1996) (citing State v. Evans, 843 S.W.2d 576, 577 (Tex. Crim. App. 1992)). In
the case before us, because the trial court's order granting a mistrial returned the case to the posture
it was in before trial, we can look past the label assigned to the order and treat the order as
one granting a new trial. See id.; Evans, 843 S.W.2d at 577; State v. Boyd, 202 S.W.3d 393, 401
(Tex. App.--Dallas 2006, pet. ref'd) (holding that court had jurisdiction over State's appeal from
order granting motion for mistrial because order was functionally indistinguishable from order
granting new trial). As a result, the State had the right to appeal from the trial court's order, and we
have jurisdiction over the appeal. See Savage, 933 S.W.2d at 499; Evans, 843 S.W.2d at 578; Boyd,
202 S.W.3d at 401. 

STANDARD OF REVIEW 

 Because the trial court's order was the functional equivalent of an order granting a
new trial, we look to the standards governing the review of an order granting a new trial. See Boyd,
202 S.W.3d at 401; Yates v. State, 171 S.W.3d 215, 220-21 (Tex. App.--Houston [1st Dist.] 2005,
pet. ref'd). When the State appeals a trial court's order granting a motion for new trial, an appellate
court reviews the trial court's decision under an abuse-of-discretion standard. (3) See State v. Herndon,
215 S.W.3d 901, 906 (Tex. Crim. App. 2007). We view the evidence in the light most favorable to
the trial court's ruling and uphold the ruling if it is within the zone of reasonable disagreement. 
Webb v. State, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). We do not substitute our judgment
for that of the trial court; rather, we decide whether the trial court's decision was arbitrary or
unreasonable. Id. Thus, a trial court abuses its discretion only when no reasonable view of the
record supports the trial court's ruling or when the trial court acts in an arbitrary manner without
reference to any guiding rules or principles. See id.; Boyd, 202 S.W.3d at 401. 


DISCUSSION

 On appeal, the State raises two issues, asserting that: (1) Bounhiza did not present
evidence establishing that his counsel provided ineffective assistance, and (2) even if Bounhiza's
counsel provided ineffective assistance, the trial court should have chosen to impanel a new jury for
a punishment hearing rather than grant a mistrial. We address each issue in turn. 


Ineffective Assistance

 In its first issue, the State contends that the trial court erred in granting a mistrial
based on ineffective assistance of counsel because Bounhiza did not establish that defense counsel's
error in advising him to go to the court for sentencing met the standards of ineffective assistance set
forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and State v. Recer, 815 S.W.2d 730,
731-32 (Tex. Crim. App. 1991). Specifically, the State argues that Bounhiza fails to establish that: 
(1) he was prejudiced by defense counsel's error as required under the second prong of Strickland,
and (2) defense counsel's performance was deficient under the Recer standard. 

 We will address each standard separately, but first, we note that because the
trial court's order is the functional equivalent of a motion for new trial, we do not apply either
standard in a de novo fashion. Rather, we review the trial court's application of the standards
through the prism of an abuse-of-discretion standard. See State v. Kelley, 20 S.W.3d 147, 151
(Tex. App.--Texarkana 2000, no pet.); State v. Gill, 967 S.W.2d 540, 542 (Tex. App.--Austin 1998,
pet. ref'd). Thus, we must determine whether a finding of ineffective assistance of counsel was
clearly wrong and outside the zone of reasonable disagreement. Kelley, 20 S.W.3d at 151.


 A. The Strickland Standard

 To establish ineffective assistance under the Strickland standard, a defendant must
show that: (1) counsel's performance fell below an objective standard of reasonableness, and
(2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or
fundamentally unfair outcome of the proceeding. Strickland, 466 U.S. at 687-88; Davis v. State,
278 S.W.3d 346, 352 (Tex. Crim. App. 2009). To establish deficient performance as a matter of law
under the first prong, a defendant must show that no reasonable trial strategy could justify counsel's
conduct. Strickland, 466 U.S. at 689; Andrews v. State, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). 
A defendant establishes prejudice under the second prong if he shows that a reasonable probability
exists that, but for the deficient performance, the outcome of the proceeding would have been
different. See Strickland, 466 U.S. at 687-88, 694; Ex parte Cash, 178 S.W.3d 816, 818 (Tex. Crim.
App. 2005). A reasonable probability is a probability sufficient to undermine confidence in the
outcome. Strickland, 466 U.S. at 694.

 Bounhiza meets the first prong of the standard, that his counsel's performance fell
below an objective standard of reasonableness, because defense counsel admitted on the record that
his advice to Bounhiza to have the court assess punishment was a "mistake" and "based on [defense
counsel's] misapprehension of the law." Thus, defense counsel conceded that his conduct was not
part of a valid trial strategy and was therefore deficient. See id. at 689.

 Regarding the second prong of the Strickland standard, that defense counsel's
deficient performance prejudiced the defense, Bounhiza contends that he was prejudiced because
defense counsel's mistake left him without an opportunity to receive probation. In response, the
State contends that Bounhiza must show not that he lost the opportunity to receive probation but that
there is a reasonable probability that his sentencing jury would have recommended probation had
the issue been submitted to it. See Cash, 178 S.W.3d at 818. In Cash, the defendant alleged that his
counsel was ineffective for filing an unsworn motion for probation and thus leaving him without the
possibility of probation in his murder trial. 178 S.W.3d at 816. The court of criminal appeals held
that the defendant could not establish ineffective assistance of counsel because he could not establish
that his sentencing jury would have recommended probation had the issue been submitted to it,
especially considering that the jury sentenced him to forty years in prison, an amount considerably
more than the ten-year limit for probation. See id. at 8; Tex. Code. Crim. Proc. Ann. art. 42.12,
§ 4(d)(1) (stating that defendant not eligible for probation if jury sentences him to more than
ten years in prison).

 Here, the offense for which Bounhiza was convicted was a second-degree felony with
a punishment range of two to twenty years' imprisonment. See Tex. Penal Code Ann. § 12.33
(West 2003), § 22.011(f) (West Supp. 2008). Because the trial court granted a mistrial before a
punishment hearing could be held, there is no sentence for us to review. However, the trial court's
decision to grant a mistrial came after the court heard all of the evidence adduced at trial and
considered the severity of the offense. The trial court could have concluded based on the evidence
before it that there was a reasonable probability that Bounhiza's sentencing jury would have
recommended probation if given the opportunity. See Cash, 178 S.W.3d at 818. Thus, we conclude
that the trial court did not abuse its discretion in determining that Bounhiza was prejudiced by his
counsel's conduct. See Kelley, 20 S.W.3d at 151. 


 B. The Recer Standard 

 In addition to the Strickland standard, we must also review the trial court's
application of the four-factor Recer standard. Recer, 815 S.W.2d at 731-32. In Recer, the Texas
Court of Criminal Appeals held that to succeed on an ineffective assistance of counsel claim based
on counsel's misunderstanding of the law related to probation, there must be more apparent from the
record than trial counsel's mere mistake. (4) Id. at 731. According to Recer, a defendant must show
that: (1) he was initially eligible for probation; (2) counsel's decision was not part of a sound trial
strategy; (3) defendant's decision to not seek probation was based on counsel's erroneous advice;
and (4) defendant would have made a different decision if his counsel had correctly informed him
of the law. See id. at 731-32.

 Regarding the first factor, that Bounhiza was initially eligible for probation, Bounhiza
satisfies this factor because his pre-sentence investigation report indicates that he had never before
been convicted of a felony. (5) See Tex. Code Crim. Proc. Ann. art. 42.12, § 4(e) (stating that
defendant is eligible for probation if he has no prior felony convictions). Bounhiza also satisfies the
second factor, that defense counsel's advice was not part of a valid trial strategy, because defense
counsel stated on the record that his advice to Bounhiza to have the trial court assess punishment was
a "mistake" and "based on [defense counsel's] misapprehension of the law." Regarding the third
factor, that Bounhiza's decision to have the judge decide punishment was based on defense counsel's
erroneous advice, Bounhiza satisfied this factor because defense counsel stated on the record that
Bounhiza would testify that he "relied upon [defense counsel's] advice." The fourth factor, that
Bounhiza's decision would have been different if defense counsel had correctly informed him of the
law, is not as clearly met as the others but is nonetheless supported by evidence in the record. For
example, the record shows that Bounhiza knew he was eligible for probation and wanted to seek
probation in the event he was convicted. Before trial, defense counsel spoke with the trial court
about Bounhiza's desire to file a motion for probation, and Bounhiza did ultimately file a motion. 
After defense counsel later realized his error in advising Bounhiza to have the court assess
punishment, he stated to the trial court that Bounhiza was "eligible for probation" and was "seeking
probation." Thus, the trial court could have inferred that Bounhiza's desire to seek probation would
have led him to choose the jury, rather than the trial court, for punishment if his counsel had
correctly informed him of the law. 

 Given the evidence supporting each factor of the Recer standard and the abuse-of-discretion standard with which we must review the trial court's determination, we cannot conclude
that the trial court's ineffective-assistance determination under the Recer standard was clearly wrong
or outside the zone of reasonable disagreement. See Kelley, 20 S.W.3d at 151. 


 C. Conclusion Regarding Ineffective Assistance

 Because we conclude that the trial court did not abuse its discretion in determining
that defense counsel's conduct constituted ineffective assistance of counsel, we overrule the
State's first issue. 


Proper Remedy

 In its second issue, the State contends that even assuming ineffective assistance, the
trial court erred in granting a mistrial rather than impaneling a new jury for a punishment hearing and
giving the jury the option of recommending probation. The State raises two arguments in support
of its position: (1) that the trial court had authority to call a new jury for punishment in this situation
based on Texas Rule of Appellate Procedure 21.9(a), which directs a trial court to grant a new trial
on punishment only if it determines that an error affects only punishment, and based on cases such
as State v. Boyd, which hold that for jurisdictional purposes, a post-verdict order granting a mistrial
is the functional equivalent of an order granting a new trial; and (2) that the trial court was required
to impanel a new jury for a punishment hearing rather than grant a mistrial because doing so would
have been a less drastic remedy than a mistrial. See 202 S.W.3d at 400-01. We address each
argument separately.


 A. Trial Court's Authority to Call a New Jury for Punishment 

 We disagree that the trial court had the authority to call a new jury for a punishment
hearing after learning of defense counsel's error. First, Texas Rule of Appellate Procedure 21.9(a)
refers only to a trial court's authority to grant a new trial on punishment, not its authority to grant
a mistrial on punishment. See Tex. R. App. P. 21.9(a). Even if the motion had been one for a new
trial, a new trial necessarily assumes that a previous trial took place. Thus, the trial court had no
authority to grant a new trial on punishment when an original trial on punishment had not yet been
conducted. Second, we agree that courts have held that an order granting a post-verdict mistrial is
the functional equivalent of an order granting a new trial, but they have done so only with regard to
an appellate court's jurisdiction over the appeal or the applicable appellate standard of review in the
appeal. See Savage, 933 S.W.2d at 499; Boyd, 202 S.W.3d at 399-401. The State does not cite, and
we have not found, any case law authorizing a trial court to treat a post-verdict motion for mistrial
as a motion for new trial. Thus, we reject the State's first argument.


 B. Trial Court's Duty to Call New Jury for Punishment

 The State also argues that the trial court erred in granting a mistrial because the trial
court was required to consider and rule out less drastic alternatives before granting a mistrial, and
impaneling a new jury for a punishment hearing was an available, less drastic alternative. In support
of its argument, the State cites to Ex parte Brown, 907 S.W.2d 835 (Tex. Crim. App. 1995) and
Bauder v. State, 921 S.W.2d 696 (Tex. Crim. App. 1996), overruled on other grounds by Ex parte
Lewis, 219 S.W.3d 335 (Tex. Crim. App. 2007). However, both cases are distinguishable from this
case because they both address mistrials based on manifest necessity, and they both focus on how
such mistrials fare in the context of the Double Jeopardy Clause. See Brown, 907 S.W.2d at 839;
Bauder, 921 S.W.2d at 698. Here, the trial court granted the mistrial based on ineffective assistance
of counsel, and there is no claim that the Double Jeopardy Clause bars Bounhiza from being tried
again. Thus, Brown and Bauder do not apply to this case. 

 Even assuming they did apply, the trial court considered the option of impaneling a
new jury for a punishment hearing and ruled it out. Before granting the mistrial, the court stated:


 I have a motion for mistrial that's before me right now, and I have a
new statute that's not yet to have been interpreted that would seem to
direct me, the new trial statute. It says it must grant a new trial on
punishment only when that's where the error is. But we're not there
yet. And this isn't an appellate court, I just can't jump ahead. 


We have already determined that the trial court does not have authority to grant a new trial on
punishment before a punishment hearing takes place or to treat a post-verdict motion for mistrial as
a motion for new trial. The trial court was presented with an error that affected Bounhiza's rights,
and the court considered the possibilities for remedying the situation. The court determined that the
only feasible remedy was to grant a mistrial. Taking into consideration the lack of authority the
trial court had for doing anything other than what it did, we do not find an abuse of discretion in the
trial court's decision to grant Bounhiza's motion for mistrial. See Kelley, 20 S.W.3d at 151. 
Accordingly, we reject the State's second argument. 


 C. Conclusion Regarding Remedy

 Having concluded that the trial court was not authorized or required to impanel a
new jury for a punishment hearing, we hold that the trial court did not abuse its discretion in
declining to do so and in granting Bounhiza's motion for mistrial. We therefore overrule the
State's second issue. CONCLUSION 

 Because the trial court did not abuse its discretion in granting Bounhiza's motion for
mistrial, we affirm the trial court's order.

 

 ___________________________________________ Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: August 21, 2009

Publish 
1. Probation is now termed "community supervision." See Tex. Code Crim. Proc. Ann.
art. 42.12 (West Supp. 2008). 
2. The circumstances in which the State may appeal from a trial court order in a criminal case
include when the order:


 (1) dismisses an indictment, information, or complaint or any portion
of an indictment, information, or complaint;


 (2) arrests or modifies a judgment;


 (3) grants a new trial;


 (4) sustains a claim of former jeopardy;


 (5) grants a motion to suppress evidence, a confession, or an
admission, if jeopardy has not attached in the case and if the
prosecuting attorney certifies to the trial court that the appeal is not
taken for the purpose of delay and that the evidence, confession, or
admission is of substantial importance in the case; or


 (6) is issued under Chapter 64. 


Tex. Code Crim. Proc. Ann. art. 44.01(a) (West Supp. 2008). 

 
3. We would also use an abuse-of-discretion standard in reviewing a trial court's ruling on
a motion for mistrial. See Wead v. State, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004). 
4. Recer was decided before the court of criminal appeals changed the standard of review for
ineffective assistance claims affecting noncapital sentencing proceedings. See Hernandez v. State,
988 S.W.2d 770, 770 (Tex. Crim. App. 1999). However, the court of criminal appeals has not
disavowed the four-factor Recer standard, and courts have continued to cite to the standard for
claims of ineffective assistance of counsel based on counsel's misunderstanding of the law related
to probation. See Isham v. State, 258 S.W.3d 244, 252 (Tex. App.--Eastland 2008, pet. ref'd);
Warren v. State, No. 03-04-00194-CR, 2006 Tex. App. LEXIS 1691, at *20-21 (Tex. App.--Austin
March 2, 2006, no pet.) (mem. op., not designated for publication). Thus, we will continue to
reference the Recer standard until we hear differently from the court of criminal appeals. 
5. The State argues on appeal that Bounhiza was not eligible for probation because he filed
a motion for probation that was unsworn. See Tex. Code Crim. Proc. Ann. art. 42.12, § 4(e)
(West Supp. 2008); Beyince v. State, 954 S.W.2d 878, 880 (Tex. App.--Houston [14th Dist.] 1997,
no pet.). However, because the State did not raise this argument in the trial court, it waived the
argument on appeal. See Tex. R. App. P. 33.1(a)(1); Aldrich v. State, 104 S.W.3d 890, 895-96
(Tex. Crim. App. 2003).