**Opinion issued February 19, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-15-00021-CR**

**NO. 01-15-00022-CR**

———————————

**OBED JOSEPH RODRIGUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 208th Judicial District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1399946 and 1407828[1]**

---

## MEMORANDUM OPINION

Appellant, Obed Joseph Rodriguez, proceeding *pro se* and incarcerated,

pleaded guilty in each of the above trial court cause numbers to capital murder.

---

[1]     Appellate cause no. 01-15-00021-CR; trial court cause no. 1399946.
Appellate cause no. 01-15-00022-CR; trial court cause no. 1407828.

*See* TEX. PENAL CODE ANN. § 19.03 (West Supp. 2014). On September 12, 2014, the trial court assessed appellant's punishment as a concurrent sentence of life in prison without parole, in accordance with the terms of his plea bargain with the State. The trial court certified that these are both plea-bargain cases and that appellant has no right of appeal. Nevertheless, appellant attempted to file a notice of appeal for both cases, and has also filed motions for the appointment of counsel and for an extension of time to file his appellate brief. We dismiss both appeals.

We lack jurisdiction over these attempted appeals. As an initial matter, we cannot exercise jurisdiction over an appeal unless a notice of appeal is filed in compliance with Rule 26 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.2(a); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Here, appellant's combined notice of appeal was filed on December 22, 2014—108 days after the September 12, 2014 judgment of conviction. *See* TEX. R. APP. P. 26.2(a)(1).[2]

Although appellant claims that his December 22, 2014 appeal was timely filed because it was within 90 days of the September 12, 2014 judgment plus the additional 10 days allowed for mailing, that 90-day period only applies if he timely filed a motion for new trial. *See* TEX. R. APP. P. 4.1(a), 9.2(b)(1)(A), 25.2(b),

---

[2] Under the prisoner mailbox rule, appellant's notice of appeal was deemed filed on December 22, 2014, the date he certified it was forwarded to be mailed to the trial clerk. *See Taylor v. State*, 424 S.W.3d 39, 43-44 (Tex. Crim. App. 2014).

(c)(1), 26.2(a)(2).  Appellant's only timely post-judgment motion was entitled, "Motion for Bench Warrant," filed on October 7, 2014, claiming that he wanted a hearing to "withdraw [his] plea or arrest the judgment pro-se to the court under of [sic] authority of Art. 44.02 Tex. Code Crim. Proc."  "A motion to withdraw plea is functionally indistinguishable from a motion for new trial." *Dusenberry v. State*, 915 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, writ ref'd) (citing *State v. Evans*, 843 S.W.2d 576, 578 (Tex. Crim. App. 1992)).

While the trial court could have construed appellant's motion for a bench warrant as a motion for new trial, there is no record of the trial court doing so or ruling on the motion.  In the event that the trial court did construe appellant's motion for a bench warrant as a motion for new trial, it was denied by operation of law on November 26, 2014, because it was not ruled on by the trial court within 75 days of the September 12, 2014 judgment.  *See* TEX. R. APP. P. 21.8(c), 22.4(b). Thus, because appellant did not file a motion for a new trial, appellant only had 30 days plus 10 days for mailing, after the September 12, 2014 judgment, or until October 22, 2014, to timely file his notice of appeal.  *See* TEX. R. APP. P. 9.2(b)(1)(A), 26.2(a)(1).  Because appellant's December 22, 2014 notice of appeal was untimely filed, we have no basis for jurisdiction over these appeals.  *See* *Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 523.

3

In any event, even if we find that the trial court impliedly construed appellant's motion for a bench warrant as a motion for new trial, thereby making his notice of appeal timely, we also lack jurisdiction because these are both plea-bargain cases where the trial court did not grant him the right of appeal. In a plea-bargain case — where a defendant pleaded guilty and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant — as here, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). When a defendant waives his right of appeal in exchange for consideration from the State, his waiver is made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants permission. *See Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009) (holding that defendant may knowingly and intelligently waive appeal without sentencing agreement when consideration is given by State for waiver); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000).

Here, the trial court's certifications, which are included in the records in each appeal, both state that these are plea-bargain cases and that appellant has no

right of appeal in either case.  *See* Tex. R. App. P. 25.2(a).  The plea hearing record and waiver/plea admonishment papers show that appellant knowingly, intelligently, and voluntarily waived his right to trial and right of appeal in exchange for the State's recommendation that he be sentenced to life in prison without parole and the State would decline to seek the death penalty in both cases. Thus, the records support the trial court's certifications that these are plea-bargain cases and that the trial court did not give its permission to appeal in either case. *See Dears*, 154 S.W.3d at 615.

Because appellant has no right of appeal in either of these plea-bargain cases, we must dismiss these appeals.  *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see also Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005) (explaining purpose of certification requirements is to resolve cases that have no right of appeal quickly without the expense of appointing appellate counsel, preparing reporter's record or preparing appellate brief).

Accordingly, we dismiss both of these appeals for want of jurisdiction. *See*

TEX. R. APP. P. 43.2(f).  We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justice Keyes, Bland, and Massengale.

Do not publish.  TEX. R. APP. P. 47.2(b).