ACCEPTED
03-14-00547-CR
5013438
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/23/2015 4:38:25 PM
JEFFREY D. KYLE
CLERK

# CAUSE NO.
## 03-14-00547-CR

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

4/23/2015 4:38:25 PM

JEFFREY D. KYLE
Clerk

## IN THE COURT OF APPEALS

## FOR THE

## THIRD DISTRICT OF TEXAS

## STATE OF TEXAS, Appellant

### v.

## BRYAN ROLAND CHANDLER, Appellee

**Appeal from the 428th Judicial District Court
Cause No. CR-12-0005
Hays County, Texas**

## STATE'S REPLY TO APPELLEE'S MOTION TO
## DISMISS THE STATE'S APPEAL

Brian Erskine
Asst. Criminal District Attorney
Hays County Justice Center
712 South Stagecoach Trail, Ste. 2057
San Marcos, Texas, 78666
512-393-7600
Brian.erskine@co.hays.tx.us
State Bar No. 24074182

Attorney for the State of Texas

# NAMES OF PARTIES

Appellant:                 The State of Texas

Attorneys for the State:     Wes Mau, Criminal District Attorney
Hays County Government Center
712 S. Stagecoach Trail, Suite 2057
San Marcos, Texas 78666

At trial:            Amy Lockhart, ADA

On appeal:         Brian Erskine, ADA

Appellee:                Brian Roland Chandler

Attorney for Appellant:

At trial:            Joseph A. Turner
1504 West Avenue
Austin, Texas 78101

On appeal:         S. Lynn Peach
P.O. Box 512
San Marcos, Texas 78667

# TABLE OF CONTENTS

NAMES OF PARTIES ......................................................................... ii

TABLE OF CONTENTS ..................................................................... iii

tABLE OF AUTHORITES ................................................................. iv

STATEMENT OF THE CASE .............................................................. 2

SUMMARY OF THE ARGUMENT ...................................................... 2

ARGUMENT ....................................................................................... 3

    A.   THE STATE'S APPEAL WAS AUTHORIZED BY THE ELECTED CRIMINAL DISTRICT ATTORNEY. ........................................... 3

    B.   THE STATE HAS THE RIGHT TO APPEAL THE JUDGMENT MODIFICATION. ....................................................................... 6

CONCLUSION ..................................................................................... 9

CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P., RULE 9.4 ............ 11

CERTIFICATE OF SERVICE ............................................................. 11

# TABLE OF AUTHORITES

**STATE CASES**

*Alvarez v. State*, 605 S.W.2d 615 (Tex. Crim. App. [Panel Op.] 1980)....................7

*Evans v. State*, 843 S.W.2d 576 (Tex. Crim. App. 1992).........................................7

*Ex parte Huskins*, 176 S.W.3d 818 (Tex. Crim. App. 2005)....................................6

*Kinkaid v. State*, 184 S.W.3d 929 (Tex. App.-Waco 2006, no pet)..........................6

*Lopez v. State*, 18 S.W.3d 637 (Tex. Crim. App. 2000)...........................................9

*Smith v. State*, 801 S.W.2d 629 (Tex. App.—Dallas 1991, no pet.).........................7

*State v. Evans*, 843 S.W.2d 576 (Tex. Crim. App. 1992).........................................6

*State v. Gutierrez*, 129 S.W.3d 113 (Tex. Crim. App. 2004). .................................6

*State v. Muller*, 829 S.W.2d 805 (Tex. Crim. App. 1992).....................................3, 4

*State v. Ross*, 953 S.W.2d 748, 759 (Tex. Crim. App. 1997). .................................6


**STATE STATUTES**

TEX. CODE CRIM. PROC. ART. 44.01(d) (Vernons 2013)..........................................3

TEX. CONST. ART. V § 26.........................................................................................6

TEX. GOV'T CODE ANN. § 508.145(d)(1) (West Supp. 2013). ..................................6

TEX. R. APP. P. 38.1...................................................................................................2

**CAUSE NO.**
**03-14-00547-CR**

---

**IN THE COURT OF APPEALS**

**FOR THE**

**THIRD DISTRICT OF TEXAS**

---

**STATE OF TEXAS, Appellant**

**v.**

**BRYAN ROLAND CHANDLER, Appellee**

---

**Appeal From the 428th Judicial District Court**
**Cause No. CR-12-0005**
**Hays County, Texas**

---

**STATE'S REPLY TO APPELLEE'S MOTION TO**
**DISMISS THE STATE'S APPEAL**

---

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW the State of Texas, by and through her Assistant District

Attorney, Brian Erskine, and files this Reply in Opposition to Appellee's Motion to

1

Dismiss pursuant to TEX. R. APP. P. Rule 38.1 and would show the Court the following:

## STATEMENT OF THE CASE

On August 7, 2014, the then elected Criminal District Attorney Sherri Tibbe ("Tibbe") authorized her assistant criminal district attorney to file a written notice of appeal.[1] That same day, assistant criminal district attorney, Brian Clarke Erskine ("Erskine") filed the written notice of appeal.[2] On October 2, 2014, Tibbe filed an affidavit stating she had authorized Erskine to file the appeal in this cause.[3] The *Nunc Pro Tunc* Judgment of Conviction by Court – Waiver of Jury Trial was signed and filed in this case on October 2, 2014.[4] The State appealed the trial court's modification of the judgment on December 9, 2014. Chandler filed his response brief and motion to dismiss on April 13, 2015.

## SUMMARY OF THE ARGUMENT

The State's Appeal was personally authorized in a timely manner by the elected Criminal District Attorney on August 7, 2014, which vests this Court with jurisdiction. Further, the State has the right to appeal the modification of a judgment that affects a defendant's parole eligibility.

---

[1] CR 38-39.
[2] CR 48.
[3] *Id.*
[4] CR 49-50.

2

# ARGUMENT

## A. THE STATE'S APPEAL WAS AUTHORIZED BY THE ELECTED CRIMINAL DISTRICT ATTORNEY.

On August 7, 2014, Tibbe personally, expressly and specifically instructed and authorized the appeal in this cause.[5]

*The State has met its burden to show that the personal authorization occurred prior to the twenty day expiration window.*

Texas Code of Criminal Procedure Article 44.01(d) requires the prosecuting attorney's authorization to occur prior to the twenty day window of expiration.[6] Whenever a question is legitimately raised concerning the prosecuting attorney's personal authorization of a State's appeal, the State bears the burden of proving that the appeal in question was personally, expressly, and, specifically authorized by the prosecuting attorney.[7] Thus, the appellate record must clearly reflect the prosecuting attorney's personal authorization of the appeal notice filed in a given case.[8]

---

[5] CR 48.

[6] TEX. CODE CRIM. PROC. ART. 44.01(d) (Vernons 2013)(Art. 44.01 has expanded the time for notice of appeal from fifteen to twenty days); *See also, State v. Muller*, 829 S.W.2d 805, 810 (Tex. Crim. App. 1992).

[7] *Muller*, 829 S.W.2d at FN 6.

[8] *Id.*

On August 7, 2014, Tibbe authorized the appeal notice.[9] She filed an affidavit on October 2, 2014, so that the record would reflect her timely appeal authorization.[10]

Chandler erroneously asserts that "the State must file something within twenty days of the issuance of the order, showing that the elected prosecuting attorney authorized the filing of the notice of appeal," "and evidence of that authority must be filed within the twenty day period in order to perfect the appeal."[11] *Muller* does not so require.[12]

There is no fixed timetable for when the elected prosecutor has to record her authorization. In fact, the *Muller* Court recognized "the significant burden on the prosecuting attorney" as to the "window of opportunity for making an appeal" when the Court stated that the personal authorization must be made "—in some fashion."[13] It is true that this personal authorization must "occur prior to the expiration of the fifteen day window of appeal." However, the sole criterion is whether the prosecuting attorney personally authorized the appeal, and not when she managed to make a physical record of her approval.[14]

---

[9] CR 48.

[10] CR 48.

[11] Chandler's Motion to Dismiss, pg. 5. These quotations are cited with authority from *Muller*, 829 S.W.2d at 810.

[12] *Id.*

[13] *Muller*, 829 S.W.2d at 810.

[14] *Id.*

4

*Muller's* Footnote 9 provides:

> We do not hold that it would necessarily be impossible for a prosecuting attorney who had, in fact, personally approved a notice of appeal within the fifteen day filing window to supplement the record with evidence or an affidavit to that effect. In such a situation, the requirement of personal approval within the requisite time period would be fulfilled and the court of appeals empowered with jurisdiction—only the proof of such approval would be lacking from the notice of appeal.[15]

It is clear that the *Muller* Court contemplated a prosecuting attorney's inability to make a physical record of her personal approval of the appeal within the time period allotted.

This case is in accord with the *Muller* Court's ruling. Tibbe gave her assistant criminal district attorney approval to file the appeal notice and supplemented the record with an affidavit to that effect. Therefore, the personal approval requirement within the requisite time period was fulfilled and this Court was empowered with jurisdiction. Chandler's request for dismissal asserting the appeal was not timely authorized is without merit.

---

[15] *Id.*

## B. THE STATE HAS THE RIGHT TO APPEAL THE JUDGMENT MODIFICATION.

The State is entitled to appeal an order from a criminal case as authorized by law.[16] Texas Code of Criminal Procedure Article 44.01(a)(2)'s plain language is clear and unambiguous that the State may appeal any order that modifies a judgment including the appeal of an order that reduces a defendant's sentence.[17]

### 1. The trial court's nunc pro tunc changed Chandler's parole eligibility and is, therefore, a modification of the original judgment.

A sentence is the portion of the judgment setting out the terms of the punishment.[18] A deadly-weapon finding determines a prisoner's parole eligibility date.[19] Specifically, when a deadly-weapon finding has been made and entered in a judgment under Texas Code of Criminal Procedure Article 42.12 section 3g(a)(2), the prisoner is not eligible for release on parole until the inmate's "actual calendar time served, without consideration of good conduct time, equals one-half of the sentence or 30 calendar years, whichever is less."[20]

Here, the trial court modified its previous order by removing the deadly-weapon finding.[21] This modification changes Chandler's parole eligibility from

---

[16] TEX. CONST. ART. V § 26; *State v. Evans*, 843 S.W.2d 576, 577 (Tex. Crim. App. 1992) (en banc).
[17] *State v. Gutierrez*, 129 S.W.3d 113 (Tex. Crim. App. 2004).
[18] *State v. Ross*, 953 S.W.2d 748, 759 (Tex. Crim. App. 1997).
[19] *Kinkaid v. State*, 184 S.W.3d 929, 930 (Tex. App. —Waco 2006, no pet); see *Ex parte Huskins*, 176 S.W.3d 818, 821 (Tex. Crim. App. 2005) (explaining that although a deadly-weapon finding is not part of a defendant's sentence, the finding affects how the sentence will be served).
[20] TEX. GOV'T CODE ANN. § 508.145(d)(1) (West Supp. 2013).
[21] CR 49.

6

one-half to one-fourth of the sentence imposed.[22] Therefore, the trial court's order that modified Chandler's parole eligibility via an improperly granted judgment *nunc pro tunc* is properly appealed by the State.

## 2. The trial court's modification of the original judgment amounted to judicial reasoning that far exceeded merely fixing a clerical error.

The determination as to whether an error is clerical or judicial is a question of law, and a trial court's clerical v. judicial finding is not binding on an appellate court.[23] Two years after Chandler was sentenced, at the behest of Chandler, the trial court set the matter for a hearing, and erroneously issued an order entitled *"Nunc Pro Tunc"* negating the original affirmative finding that a deadly weapon was used.[24] In actuality, the order set aside the original judgment and plea agreement and sentenced Chandler according to a new fictitious plea agreement.

When the State asked the trial court to explain the basis of its ruling, the trial court stated the following: "it's based on a "finding of no agreement [to an affirmative finding of a deadly-weapon] at the time the plea bargain was made."[25] This explanation makes clear the trial court's *nunc pro tunc* decision was judicial reasoning not clerical. If it were clerical, the trial court would not have to go back to search for the parties' understanding at the time the plea bargain was entered.

---

[22] TEX. GOV'T CODE ANN. § 508.145 (West Supp. 2013).
[23] *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. [Panel Op.] 1980); *Smith v. State*, 801 S.W.2d 629, 633 (Tex. App.—Dallas 1991, no pet.).
[24] *Evans v. State*, 843 S.W.2d 576, 577 (Tex. Crim. App. 1992) (courts must look beyond the title of the order).
[25] RR 9.

7

Undoubtedly, the trial court attempted to ascertain whether either party contemplated the application of the deadly weapon finding at the time of the plea bargain was entered. After the trial court's inability to determine either party's intent, the trial court deferred to no finding deadly weapon finding.[26] It is crystal clear from the record that the trial court reflected, finding "no agreement" between the parties, and deferred to a no finding deadly weapon finding.[27]

The original plea agreement states that Chandler "plead guilty, [and] stipulate[d] to the fact of the offense alleged in the indictment."[28] Therefore, he pled guilty as indicted that he "caused bodily injury . . . and during the commission of the offense, did use or exhibit a deadly weapon, to wit: a firearm."[29] This modification amounts to judicial reasoning, not merely correcting a clerical error.

It is true that on the plea agreement, where the State recommends an affirmative finding of deadly weapon and family violence, the boxes are not checked.[30] Nonetheless, the indictment, plea, record, and judgment depict the original judgment with a deadly-weapon finding, which the trial court had no discretion to omit.[31] The indictment included a charge of a "deadly weapon: to wit

---

[26] RR 9.
[27] RR 9.
[28] RR 9.
[29] CR 5.
[30] CR 6.
[31] *See* State's Appeal Issue Three: Trial Court as fact-finder shall enter a deadly weapon finding once it has been made and lacks the discretion to do otherwise.

a firearm."[32] Chandler pled guilty and stated that he understood the charge against him, and that he was pleading guilty because he was guilty.[33] Chandler testified as to his understanding that, under the circumstances, he pled guilty to a second-degree felony.[34] He also testified as to his understanding that the range of punishment for a second-degree felony is not less than two and no more than twenty years in the Texas Department of Criminal Justice.[35] Most notably, Chandler stipulated to causing bodily injury and exhibiting a deadly-weapon, to wit: a firearm during the offense.[36]

The trial court's modification of the original judgment amounted to judicial reasoning, therefore, jurisdiction vests with the appellate court when the State has timely filed a notice of appeal.[37] The trial court entered its order modifying the original judgment on August 7, 2014 and the State filed its appeal notice the same day.[38] Thus, the State is entitled to appeal the trial court's modified order.

## CONCLUSION

Tibbe gave her assistant criminal district attorney approval to file the appeal notice on August 7, 2014, and supplemented the record with an affidavit to that

---

[32] CR 5.
[33] RR 4.
[34] RR 5.
[35] RR 5.
[36] CR 11; CR 34.
[37] *Lopez v. State*, 18 S.W.3d 637, 639 (Tex. Crim. App. 2000).
[38] CR 38.

effect. Therefore, the personal approval requirement within the requisite time period was fulfilled and this Court obtains jurisdiction. Further, the trial court's order modified Chandler's parole eligibility via an improperly granted judgment *nunc pro tunc,* therefore, this modification of the original judgment amounted to judicial reasoning. Thus, the State has a right to appeal and Chandler's Motion to Dismiss is without merit.

Respectfully submitted,

Brian Erskine
Asst. Criminal District Attorney
Hays County Justice Center
712 South Stagecoach Trail, Ste. 2057
San Marcos, Texas, 78666
512-393-7600
brian.erskine@co.hays.tx.us
State Bar No. 24074182
ATTORNEY FOR THE STATE

## CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P., RULE 9.4

I certify that this brief contains 1,556 words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

Brian Erskine
Hays County Asst. Crim. District Attorney

## CERTIFICATE OF SERVICE

I certify that a true copy of the forgoing reply brief has been e-delivered to:

Linda Icenhauer-Ramirez at LJIR@AOL.COM

On this the 23rd day of April, 2015.

Brian Erskine
Hays County Asst. Crim. District Attorney