**Motion to Withdraw as Counsel Denied as Moot, Motion for Extension of Time to File Motion for Rehearing Denied as Moot, Motion to Withdraw Appeal Denied as Moot, Appeal Dismissed, and Memorandum Opinion filed July 21, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00107-CR
### NO. 14-22-00108-CR

---

### JARIEN DESEAN ROSS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 182nd District Court
### Harris County, Texas
### Trial Court Cause Nos. 1593041 & 1593102

---

## M E M O R A N D U M   O P I N I O N

Appellant was convicted of evading arrest with a motor vehicle and burglary of a habitation pursuant to a plea bargain and sentenced to concurrent fifteen-year terms of incarceration on March 15, 2019. Appellant timely filed motions to withdraw his guilty pleas on April 5, 2019 that were the equivalent of motions for

new trial. *See State v. Evans*, 843 S.W.2d 576, 577–78 (Tex. Crim. App. 1992). Therefore, appellant's notice of appeal regarding each of his convictions was due by June 13, 2019. *See* Tex. R. App. P. 26.2(a)(2).

A court of appeals may grant an extension of time if, within 15 days after the deadline for filing the notice of appeal, the party files (a) the notice of appeal in the trial court, and (b) a motion for extension of time in the court of appeals. *See* Tex. R. App. P. 26.3; *see also* Tex. R. App. P. 10.5(b)(2) (governing motion for extension of time to file notice of appeal). The fifteenth day after June 13, 2019, was June 28, 2022.

Appellant filed his notice of appeal regarding both of his convictions on February 8, 2022, a date that is not within 15 days of the due date.

A notice of appeal that complies with the requirements of Texas Rule of Appellate Procedure 26 is essential to vest the court of appeals with jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). When a notice of appeal is not filed within the 15-day period, the court of appeals can take no action other than to dismiss the appeal for lack of jurisdiction. *See id.*

On March 16, 2022 the parties were notified that the court would consider dismissal of the appeal for want of jurisdiction unless appellant demonstrated that the court has jurisdiction. Appellant's responses, filed both through counsel and pro se, do not demonstrate this court's jurisdiction.

Accordingly, the appeal is dismissed for lack of jurisdiction. All pending motions[1] are denied as moot.

---

[1] Currently pending before the court are appellant's appointed counsel's motion to withdraw as counsel, appellant's pro se motion for extension of time to file a motion for rehearing, and appellant's motion to withdraw his appeal.

PER CURIAM

Panel consists of Justices Bourliot, Hassan, and Wilson.

Do Not Publish — Tex. R. App. P. 47.2(b).